Mr. Justice DANIEL
 

 delivered the opinion of the court.
 

 Amongst the causes assigned for the demurrer in this case no objection is urged as founded upon the joinder of the different complainants in the bill arid amended bill, unless it be supposed that, an objection may be implied in'the general language of the first assignment, namely,-that the complainants had.not by their-bills made su6h a case as entitled them to. , relief. From a statement thus vague and indefinite it would be difficult to deduce any one obr jection rather than another; but could this assignment be understood as pointing specifically to the structure of the bills as multifarious, from the nuinber or. relative position of the complainants, it is certain that no valid exception could on either of those grounds be sustained.
 

 These bills are -formally, as well as substantially, creditors’ bills, by -which thé complairiants are regulárly and properly united in seeking satisfaction from subjects against which, as .creditors of the defendants, they can properly clairn. As to the nature and. regularity of such a proceeding see Mitford’s Equity Pleadings, 166, Í67; Story’s Equity Pleadings, .§§ 99, 1(10, and the authorities there cited..-
 

 
 *132
 
 From a want of perspicuity in the statements contained in the bill and amended bill, in the former especially, there might seem at first view some plausibility in the second cause assigned for the demurrer, namely, the multifariousness of the bills from the joinder of parties as defendants, who are supposed to.be unconnected in interest and in liability. The objection of multifariousness is one of. which it is said by the authorities a defendant can- avail himself by demurrer or exception taken to the pleading only. That being designed for his protection against the vexation and expense of answering to matters irrelevant to the true controversy existing between him and the complainant, if instead of arresting the irregularity at the commencement and claiming the exemption intended' for him, he will go on and answer the bill, the reason for the exemption designed- by the rule no longer exists •$ and although at the hearing the court may,
 
 sponte
 
 sua, make an objection for multifariousness, it is no longer in the power of a party, after answer, to do so. See Whaley
 
 v.
 
 Dawson, 2 Scho. & Lef. 370, and Ward
 
 v.
 
 Cooke, 5 Madd. 80. From the character of this objection, then, and from the established requisition as to the time and mode of making it by a defendant, it must of'course be tested and determined by the structure of the bill alone, and cannot be enforced, explained, or removed by proceedings posterior to the bill and de-' murrer, nor by the evidence. From some obscurity in the bill and amended bill, as has already been observed, there might seem to be a want of connection in interest and in liability between the' defendants', such as would not warrant their being joined in the same suit. This objection, however, will entirely vanish upon a closer examination of the relative positions of the parties.
 

 The complainants consist of two sets of creditors. First, the firm of Nelson, Carleton, & Co.; secondly, the firm of Parish, Marshall, & Co.- To each of these firms the copartnership of Whitsett, Gray, & Co. became-indebted. The debt contracted to the former house was evidenced by the note of Whitsett, Gray, & Co. The debts (for there were several in the second instance) due to Parish, Marshall, & Co. were evidenced by two notes of Whitsett, Gray, & Co.', by a bill drawn by Whitsett, Gray, & Co. on Sims & Co. (which it is alleged was not accepted), and by a note of Whitsett & Gray, payable to White, Brothers, & Co., and passed in some mode not distinctly set forth by Whitsett, Gray, & Co. to Parish, Marshall, & Co. The firm of Whitsett, Gray, & Co. was comr posed of William H. Whitsett, Thomas Gray, and John J. Hill ; that of Whitsett & Gray was composed of William H. Whitsett and Thomas Gray. Thus it appears that Thomas Gray was a member of both firms. The complainants allege the deaths of both Whitsett & Gray, leaving Hill as surviving partner of the firm of Whitsett, Gray,’ & Co. They aver that Lipscomb & Hardin administered upon the estate of Whitsett, and had reported that estaté
 
 *133
 
 to the County Court to be insolvent; that Ann R. Gray, widow of T-homas Gray, and who had intermarried with L. Sexton, had, conjointly with James Gray, taken administration of the estate of Thomas ; that upon judgments obtained on the notes of Whitsett, Gray, & Co., against Hill, the surviving partner, executions had been sued-out and returned
 
 nulla bona.
 
 'There is, in the next place, charged a belief of frauds and concealment on the part of Hill, and of the administrators of Whitsett, and also' the perfect' solvency of the estate of Thomas Gray ; the whole .concluding with a prayer for accounts of the effects of Whitsett, Gray, & Co., of William H. Whitsett, and of Thomas Gray, in the hands of their representatives, and for satisfaction.
 

 It is now a rule of law too well settled to be shaken, that the creditor of a partnership may, at his option, proceed at law against the surviving partner, or go in the first instance into equity against the representatives of the deceased partner. See the several cases on this point collected in Story on Partnership, § 362, note 3. This being conceded, there can be no valid exception.to the prosecution of this suit immediately against the representatives of Thomas Gray, and it is to the advantage of his estate, that the representatives of Whitsett, and the surviving partner, Hill, should both be called in, that they may be required to contribute from any appropriate means in their possession towards the discharge of their joint and several obligations. Here, then, will be-perceived the answer to the third cause assigned for the demurrer, namely, that the complainants had not exhausted their remedy at law before going into a court of equity. It is the right also of the representatives of. the deceased partner, Whitsett, and that of the surviving partner, Hill, to participate in settlements in which their interests are directly involved ; and an omission in the bills to convene these joint parties in interest for this purpose, with the representatives of the other deceased partner, Gray, would have exhibited a palpable and material defect in the proceedings of the complainants. ■
 

 According to the case made in the bill and amended bill, there are, no visible partnership effects, and it may be the fact, that the" surviving partner,' Hill, and the estate of the deceased partner, Whitsett, are both insolvent. Should this turn out to be true, then the separate estate of the partner, Gray, said to be solvent, must be responsible to the creditors of each of 4he firms of which he was a member. In order to ascertain the precise extent of Gray’s responsibility, accounts would be proper, not only between the- two firms and their respective creditors, but also between these firms themselves ' Accounts would likewise be proper of the separate effects of the deceased partners. This view of the case removes the ground set forth in the second assignment of causes of demurrer. ■ We are of opinion that the court could, in equity, properly take cognizance, of this cause without the necessity for further previous
 
 *134
 
 proceedings at law; that the bill and amended bill bf the complainants were not exceptionable for multifariousness ; "that the decree of the Circuit Court dismissing those bills for either of the causes assigned for the demurrer is erroneous. The decree is therefore reversed, and this cause is remanded "to the Circuit Court, with directions to be there proceeded in, conformably with the principles here established.
 

 Order.
 

 This cause came on to be heard on the'transcript of the record from the Circuit Court of the United States for the Southern District of Alabama, and was argued by counsel. On consideration whereof, it is ordered and decreed by this court that the decree of the said Circuit Court in this cause be and the same is hereby reversed, with costs, and that this cause be and the same is hereby remanded to the said Circuit Court, with directions to proceed therein conformably to the opinion of this court.