## Case No. 7,906.

KNOX et al. v. GREAT WESTERN QUICK-
SILVER MIN. CO.

[3 Sawy. 422.] [1]

Circuit Court, D. California. Sept. 6, 1875.

PLEADING AT LAW—MOTION TO STRIKE OUT—
WHAT MATTER NOT REDUNDANT.

In a suit in equity brought for an account of the gains and profits alleged to have accrued from making and using certain inventions patented, and for an injunction against further infringement, the court made an order staying all proceedings in the suit until the plaintiffs could bring an action at law to determine their legal rights to the alleged invention: *Held*, that reference to the suit and order of the court in the complaint in the action at law to show the limited purpose of the action, is not irrelevant or redundant.

[Cited in Knox v. Great Western Quicksilver Min. Co., Case No. 7,907; Blake v. Greenwood Cemetery, 16 Fed. 679.]

Motion [by defendant] in an action at law upon a patent [No. 104,323, granted June 14, 1870], to strike out from the complaint as immaterial the following allegations, to wit: "And plaintiffs [Richard F. Knox and Joseph Osborn] further say that, on the seventh day of June, A. D. 1875, upon a motion made to that effect by the said defendant, this honorable court made an order staying all proceedings in said suit in equity until the complainants should bring an action at law to determine their said rights. Plaintiffs aver that they do not wish to lose their right to enjoy the use of said inventions by the defendant, and therefore do not sue for damages in this action, but bring this action to determine their rights and title to said inventions and improvements, and leave the question as to the relief to which they may be entitled against the defendant for infringements of said patents, to be determined in said suit in equity."

M. A. Wheaton, for plaintiffs.
W. W. Crane, for defendant.

FIELD, Circuit Justice. The defendant moves to strike out of the complaint as irrelevant and redundant all that part which refers to the suit in equity between the same parties in relation to the patent and its infringement, which is the subject of the present action. That suit was brought for an account of the gains and profits alleged to have accrued from making and using the inventions patented, and for an injunction against further infringement. After the defendant had appeared and answered, and on its motion, the court made an order staying all proceedings in the suit until the plaintiffs could bring an action at law to determine their legal right to the alleged inventions. The present action was accordingly brought.

In the complaint filed no damages for the alleged infringement of the patent rights of the plaintiff are asked, and the suit in equity and the order of the court are referred to in explanation of this fact, to show that the action was instituted for the special and limited purpose mentioned. In this view, the matter which the defendant moves to have stricken out of the complaint is not irrelevant nor redundant. It shows the relation of the action at law to the suit in equity and will prevent any judgment recovered from operating as a bar to an accounting in that suit should the case presented authorize that proceeding.

If the case as stated in the bill does not authorize a court of chancery to decree an accounting or grant an injunction, as contended by counsel. upon the authority of Sanders v. Logan [Case No. 12.295], the defendant must urge his objection on that ground in that suit. The sufficiency of the facts there alleged cannot be considered on this application.

Motion denied.

[For other cases involving this patent, see Knox v. Great Western Quicksilver Min. Co., Case No. 7,907; Knox v. Great Western Quicksilver Min. Co., 4 Fed. 809; Knox v. New Idria Min. Co., Id. 813.]

[NOTE. This case was afterwards tried by a jury, who found the patents held by plaintiffs to be valid, and the defendant's furnace to be an infringement. Judgment was entered for the plaintiff; writ of error was perfected by the defendants; and the case docketed in the supreme court October 7, 1878. On January 8, 1880. the case was dismissed, with costs, by the supreme court, upon motion of counsel for plaintiff in error (defendant in lower court). There was no opinion filed, and the case is not reported. The validity of the complainants' patents and their infringement having been established, the complainants applied for their injunction and accounting in the equity case, which had been stayed until the determination of the case above. An account was ordered to be taken by a master, and the case was afterwards heard by the chancery court, upon exceptions to the master's report. The exceptions were overruled. Case No. 7,907.]