REUBEN COMINS and JONATHAN W. POTTLE

v.

ALMENA M. CULVER et al.

The firm of Culver & Hetfield became indebted in 1868, to Comins, who began suit thereon in the supreme court of New York in 1872. Culver died in 1875, pending the suit, which was continued against Hetfield, and a judgment for $13,000 recovered in March, 1876. An appeal therefrom was taken, and one of the complainants in this suit, Pottle, became surety on the appeal at the request of the heirs and representatives of Culver. The judgment below was affirmed on the appeal. Hetfield paid $2,000 on the judgment in March, 1881, and Pottle, after suit and judgment against him thereon, $10,000. During Culver's lifetime, Hetfield & Culver dissolved partnership and divided the assets, leaving Comins's claim unprovided for. Hetfield is insolvent. On demurrer to a bill by Comins and Pottle against Hetfield and the heirs and representatives of Culver—*Held*,

(1) That their claim against Culver's estate was not barred by the statute of limitations, nor lost by laches.

(2) That as Pottle paid part of the debt of Culver & Hetfield to Comins, he thereby became subrogated *pro tanto* to Comins's claim, and was therefore properly joined as a complainant with Comins.

On bill and demurrer.

*Messrs. Collins & Corbin*, for complainants.

*Mr. Peter Bentley, Jr.*, for defendants.

The bill is filed by the complainants for themselves and other unsatisfied creditors of the late firm of Culver & Hetfield, and sets out the following facts: Samuel A. Hetfield, one of the defendants, and Isaac B. Culver (now deceased), as partners in constructing a railroad, incurred a debt in 1868 to Reuben Comins, who commenced suit for it in the New York supreme court in the year 1872. Pending the suit, and in the year 1875, Culver died. The suit was continued against the surviving defendant, Hetfield, and judgment was given for Comins, March

17th, 1876, for $13,691.27. This judgment was affirmed on appeal, and by the affirmance the complainant Pottle, who had given security on the appeal, became liable to pay the judgment. There was realized on the judgment out of the property of Hetfield, March 19th, 1881, the sum of $2,675.67. Pottle has paid (after suit and judgment against him) on his liability $10,034.87, and claims an interest in the judgment to that extent, Comins retaining the residue. Hetfield is insolvent. This suit is brought by Comins and Pottle to recover the amount still due on the judgment from the estate of Culver. The defendants are the heirs-at-law of Isaac B. Culver, deceased, Almena M. Culver, the administratrix, and Samuel A. Hetfield, the surviving partner. There are personal assets undistributed in the hands of the administratrix, whose final account has been filed but not allowed. The heirs have conveyed lands of the estate to their mother, Almena M. Culver, as is charged, in fraud of creditors. The administratrix and heirs employed counsel in the New York suit, and complainant Pottle became surety on appeal at their request. The partnership between Culver and Hetfield was settled in the lifetime of Culver, and an equal division of assets was made, leaving the claim of Comins unprovided for. The prayer is that the fraudulent conveyances may be set aside and the complainants' debt paid out of the assets, real and personal.

The defendants (except Hetfield) have filed a general demurrer, and also demur specially for misjoinder of complainants.

Dodd, V. C.

The argument in support of the general demurrer was on the ground that the bill shows a cause of action barred by the statute of limitations. The special demurrer was on the ground that the two complainants were improperly joined. I am of opinion that both demurrers must be overruled.

The rule is settled that the creditor of a partnership may, at his option, proceed at law against the surviving partner or go in the first instance into equity against the representatives of

the deceased partner. *Story on Part. 362 ; Nelson v. Hill*, 5 *How. 127*.

In the present case, an action at law was begun by Reuben Comins in the year 1872, in the supreme court of New York, against the partners, Culver and Hetfield. It was contested, and in November, 1875, before judgment, Culver died. By his death the equitable right of suit against his representatives arose. This equitable claim is now sought to be enforced by bill filed within six years from the time when the right accrued. At the time of Culver's death, in November, 1875, more than six years had elapsed since the legal right of action had accrued, which was in 1868, when the partnership debt was contracted. Did the delay made by the resistance of the partners in the legal action till the death of Culver, terminate all right of recourse by Comins to Culver's individual estate? I can find no grounds of principle or authority on which this question can be answered in the affirmative. If his death, after the six years, did not absolve his individual estate from all liability to Comins, and the equitable right thereupon arose, how long did such equitable right continue? It was contended by the counsel of the complainants that the real question in this suit in equity, is not whether the debt is barred by the statute of limitations, but whether there has been such laches on the part of the complainant, since the death of Culver, as to require this court to dismiss the present bill. I think this contention a good one.

After the legal action in New York abated against Culver by his death, it was continued against Hetfield, the surviving partner, and was defended by counsel employed by the heirs and administratrix of Culver. The legal remedy was pursued against Hetfield, and not exhausted till March 19th, 1881, when his property was taken under and in part satisfaction of the judgment. The present suit was commenced shortly afterwards. No laches can therefore be alleged, and no complaint can be made of delay by parties defendant, who have caused the delay by vexatious and protracted litigation.

In *Graves v. Coutant*, 4 *Stew. Eq. 763*, the court of appeals held that a vendor's lien more than twenty years old, had been

kept alive by a suit resulting in judgment, in New York, against the vendee, so that the vendor's lien could be enforced in equity against the wife of the vendee, to whom he had conveyed the lands more than sixteen years before the bill was filed.

There is another ground on which the bill may be sustained as against the statute of limitations. Complainants' claim against Hetfield is not outlawed, and Hetfield has a remedy over against the estate of his deceased partner for contribution, which is not outlawed. The complainants' bill will lie to enforce that remedy. In *Peaslee* v. *Breed, 10 N. H. 489,* it was held that where the liability of one contractor was continued by partial payments, the debtor, who kept the demand alive and paid it after six years, might recover at law a contribution from the other within six years after the final payment. In *Hammond* v. *Hammond, 20 Ga. 556,* the court held that an accounting between partners is not barred so long as debts are due to or from the partnership. In *Robinson* v. *Alexander, 2 Cl. & Fin. 717,* an accounting was ordered after twenty years, between the representatives of joint owners of a vessel, on the ground that such case was within the spirit of that exception to the statute which relates to accounts between merchant and merchant. In *Partridge* v. *Wells, 3 Stew. Eq. 176,* affirmed *4 Stew. Eq. 362,* a bill was filed by a surviving partner against the widow of a deceased partner to reach lands which the deceased partner had bought in his wife's name, more than six years before, with partnership funds. This bill was sustained on the ground that there was no adequate remedy at law, and the statute of limitations did not apply to a claim of exclusively equitable cognizance. If in that case a creditor of the partnership had filed a bill for the same relief, it is not easy to see on what principle he could be barred, so long as his claim was valid against the survivor. The survivor's claim against the estate of his deceased partner is an asset, which the judgment creditor of the survivor can seek by bill in equity, as he can any other chose in action of his judgment debtor. Complainants' bill alleges that all the partnership assets were equally divided between the partners, leaving complainants' debt unprovided for. Hetfield has a claim against

the estate of Culver for contribution and for protection as to half of complainants' judgment. . To avoid circuity of action, the complainants may enforce the remedy which Hetfield has in equity against the estate of his deceased partner. *Winter* v. *Innes, 4 Myl. & Cr. 101; Brathwaite* v. *Britain, 1 Keen 206; Way* v. *Bassett, 5 Hare 55.*

The objection that the complainant Pottle is improperly joined with Comins, is not a good one. He became a surety for the defendants Culver and Hetfield in the action at law, and was obliged to pay a portion of their debt. He became subrogated to that extent to Comins's claim. He is an equitable owner of a part of the debt sought to be recovered, and should be joined with the other owner in this equitable suit. *1 Dan. Ch. Pr. 192.* At the hearing an application was made by complainants to amend their bill, which was granted, without costs. I will therefore disallow costs against defendants on overruling their demurrers.