### BLAKE v. GREENWOOD CEMETERY.[*]

*(Circuit Court, E. D. New York.   February 12, 1883.)*

1. PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—NOMINAL DAMAGES.

    The recovery of nominal damages in an action for infringement of a patent, and the tender of such sum by the maker of the machine so infringing, do not operate as a license to the maker or his vendees as to existing infringing machines so made, nor as a bar to a recovery in another action against a subsequent user of the same machine.

2. SAME—EFFECT OF STIPULATION IN FORMER SUIT AS TO DAMAGES.

    In the former action against the maker of the infringing machine, there was a stipulation " that the amount of recovery to be adjudged against the defendants in case of a decree for complainant shall be fixed and determined upon the evidence in the case submitted at final hearing, and both parties request the court, in case of a decision against the defendant, to fix, as the amount of recovery, such amount of damages as is proved by such testimony." *Held,* that the court, by giving nominal damages in the absence of proof, did not thereby adjudge in that case that one dollar was the value of the invention.

3. SAME—MEASURE OF DAMAGES.

    The amount of damages to be recovered against the user of the infringing machine was the profit which the plaintiff ordinarily received on the sale of a machine of the same size, using the patent so infringed; and where the profit to the defendant, arising out of the use of the infringing machine, could not be determined by the proofs, the plaintiff was not allowed to recover such profits as damages.

In Equity.

*H. T. Blake,* for complainant.

*Benj. E. Valentine,* for defendant.

BENEDICT, J.   This action is brought to recover for the use by the defendant of a stone-crushing machine of the kind known as Smith's hydraulic crusher, alleged to be an infringement of a patent owned by the plaintiff for an invention employed in a stone-crushing machine known as the Blake crusher.   The machine used by the defendant is one of four machines that formed the subject of an action instituted in the year 1873 in this court by this plaintiff against John Robertson and others, the makers of the machines.   In that

*Reported by R. D. & Wyllys Benedict.

action it was adjudged that the machine in question infringed upon the plaintiff's patent sued on here, and a decree was entered against the makers of the machine for an injunction, and one dollar as nominal damages. Subsequently the defendant in that action tendered to the plaintiff the one dollar, with the amount of the taxed costs of that action, which the plaintiff declined to accept.

In this action the validity of the plaintiff's patent is not disputed, nor is it denied that the machine used by the defendant infringes upon that patent. But it is contended by the defendant that the recovery by the plaintiff of the sum of one dollar in the former suit, and the tender of that sum to him by the maker of the machine, is a bar to any recovery in this action against the user of the machine. To sustain this plea would be to hold that a decree for nominal damages recovered by a patentee against the manufacturer of infringing machines operates as a license to the manufacturer, and also to his vendees, as to all existing infringing machines made by such manufacturer. The law is not so understood. The infringement by the manufacturer and the infringement by the user of an infringing machine are separate trespasses, and judgment because of one is no bar to an action for the other. To create a bar there must be satisfaction, and nominal damage is not satisfaction.

It is, however, further contended that the present case is taken out of the ordinary rule by reason of the fact that in the action referred to against the manufacturer there was a stipulation as follows: "That the amount of recovery to be adjudged against the defendant, in case of a decree for complainant, shall be fixed and determined upon the evidence in the case submitted at final hearing, and both parties request the court, in case of a decision against the defendant, to fix as the amount of recovery such amount of damages as is proved by such testimony;" and it is said the plaintiff, in consideration of a concession on the part of the manufacturer, agreed by this stipulation that the amount of the damages for the use of this machine should be such amount as the evidence in the case at final hearing proved; in other words, agreed to accept one dollar as the damages for the manufacture, sale, and use of the machine in question. And one dollar having been tendered, there was, it is said, satisfaction of the damages and a resulting license to use the machine. But it is not seen how such an effect can be given to the stipulation in the former case. In that case the manufacturer, for reasons of his own, did not prove the amount of damages resulting to him from the use of his invention, and the court, being in duty bound, aside from the stipulation, to fix

as the amount of recovery such amount of damages as the testimony proved, in the absence of proof gave nominal damages. But the court did not thereby adjudge that one dollar was the value of the plaintiff's invention. The plea must, therefore, be overruled.

The question then arises as to the amount of the plaintiff's recovery upon the testimony in this case. In the former action against the manufacturer of this machine the plaintiff claimed to recover the sum of $600, as being the sum which he would have realized from his invention upon a sale by him of a Blake machine of this size. This claim was rejected by the supreme court upon the ground that other patents than the one sued on were employed in the Blake crushers sold by the plaintiff, and it had not been shown how much of the $600 was due to these other inventions, nor how much of it was manufacturer's profit. The inference from this decision is that the $600 would have been allowed if the testimony had shown that the $600 did not include the use of any other invention than that described in the patent sued on, nor any profit for the manufacture and sale of the machine.

In this case it is proved that there existed a corporation known as the Blake Crusher Company, which caused Blake's crushing machines, under Blake's patent, to be constructed for them by other parties and then sold them; and that for every machine sold by the Blake Crusher Company to be used in New York, that corporation paid to the plaintiff the difference between the cost to them of manufacturing and selling the machine and the amount realized from the sale, and that upon a machine of this size such difference would be as much as $600. Under this arrangement with the plaintiff, the profit of manufacturing the machines was paid by the Blake Crusher Company to the persons employed by them to do the manufacturing, and was deducted from the proceeds of their sale, as was also the expense of the sale. The difference the plaintiff received, and is the sum he would have realized from his invention if the defendants had bought of the Blake Crusher Company a Blake crusher, instead of procuring a Smith crusher, as they did. That the defendants would have bought a Blake crusher if they had not made the arrangement with the maker of the Smith crusher may, I think, be fairly inferred from the testimony; and if so, the plaintiff's right to recover $600 for his damages, by reason of the defendant's use of the infringing machine, is made out. But the plaintiff, in addition to this $600, claims to recover a large sum as being the profits realized by the defendant from the use of the plaintiff's invention.

The ground of this contention is an assumption that the statute (Rev. St. § 4921) permits a double recovery, viz., the profits realized by the patentee from the employment of his invention in constructing machines made and sold by him, and in addition the profits realized by the infringer from the use of the invention in an infringing machine. But if such be the effect of the statute, as to which no opinion need here be expressed, (see *Bloomer* v. *Millinger*, 1 Wall. 350; *Spaulding* v. *Page*, 1 Sawy. 702; *Knox* v. *Great Western Quicksilver Mining Co.* 3 Sawy. 422,) still, the plaintiff cannot recover profits in this case, for the amount of the profit has not been shown. The testimony does not enable the court to fix upon any sum as the amount of profit derived from the use of the invention described in the patent sued on. It is not enough to show that the defendants derived an advantage from crushing their stone by means of a machine in which the plaintiff's device was employed, instead of breaking their stone by hand. The proof must go further, and show the worth of the advantage secured by the use of this particular device. The proofs here show the difference between the expense of crushing a quantity of stone crushed by using a machine worked by steam, and employing the device in question with others, and the expense of breaking the same quantity of stone by hand, and at the same time show that there were Rawson crushers open to public use, available to the defendant and adapted to do the same work, and probably able to do the work as well as it was done by the machine used. From such testimony the amount of the profits realized by using the plaintiff's invention cannot be determined.

The amount of the plaintiff's decree is, therefore, to be limited to $600 and the costs of this action. In making this disposition of the case I have paid no attention to the particular exception taken to the master's report, because of the stipulation of the parties that the case be disposed of by the court, upon the proofs taken by the master, as if such testimony had been taken before the court. Let a decree be entered for $600 damages and the costs.