## COLGATE v. WESTERN ELECTRIC MANUF'G Co.[1]

*(Circuit Court, S. D. New York. July 19, 1886.)*

1. PATENTS FOR INVENTIONS—DAMAGES FOR INFRINGEMENT—ROYALTY—LICENSE FEE.

    Royalty paid by licensees for the right to use a patented invention is not evidence of damages sustained by the patentee by the sale of the patented article sufficient to authorize a recovery.

2. SAME—RIGHTS UNDER, DISTINGUISHED—INFRINGEMENT OF THESE RIGHTS.

    The value of some patents consists principally in the right to use the invention; the value of others, in the right to sell; and infringement by selling and infringement by use of the patented article are essentially different invasions of the patented property.

3. SAME—ROYALTY FOR EXCLUSIVE LICENSE NOT EVIDENCE OF DAMAGE BY OCCASIONAL SALES.

    Royalty paid for the whole monopoly of selling and manufacturing under a patent is not sufficient evidence of the value of the right to make occasional sales in a particular territory. *Le Bau* v. *Hawkins*, 2 Barn. & Adol. 561.

4. SAME.

    An exclusive licensee may well afford to. pay a much larger consideration for the property right than the patentee could command from purchasers of a license to compete with other sellers.

5. SAME—LICENSE TO MANUFACTURE AND SELL—COVENANT NOT TO SUE PURCHASERS FROM LICENSEE.

    A covenant not to sue purchasers of the licensee, contained in a license to manufacture and sell a patented article, operates, by way of estoppel, to license the purchaser to use such article.

6. SAME.

    A covenant not to sue purchasers from a licensee having the right to make and sell a patented article is equivalent to a license to sell, and transfer to purchasers the right to use, the article.

7. SAME—ROYALTY PAID FOR SUCH RIGHT NOT CRITERION OF VALUE OF ORDINARY SELLING RIGHT.

    Royalty paid for a license to manufacture and sell, and containing a covenant by patentee not to sue purchasers from licensee, is not the criterion of value of an ordinary selling right, because the right to sell might be of insignificant value without such covenant.

In Equity.

*Betts, Atterbury & Betts*, for complainant.
*George P. Barton*, for defendant.

WALLACE, J.   The master has awarded damages to the complainant, upon an accounting for the infringement of his patent for insulated wire, upon the basis of a royalty.   The infringement by the defendant consisted in the sale of the article.   The proofs for the complainant may show that he has an established license fee for the use of his invention, but they wholly fail to show that he has any uniform established license fee for the right to sell the article.   The complainant testifies, in general terms, that he has an established license fee, and grants licenses to sell his invention for a royalty of 10 per cent. upon the gross cost of the article sold; but he names as

---

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

licensees several corporations, railroad and municipal, not manufacturers or trading concerns, whose operations may require them to use the invention, and, when he is pressed to produce documentary evidence, he presents agreements which are licenses to use the invention for specified purposes, with the exception of four. Two of the four are releases of past infringements.

Royalty paid by licensees for the right to use the invention is not evidence of damages sustained by the patentee by the sale of the patented article sufficient to authorize a recovery. The value of some patents consist principally in the right to use the invention; the value of others, in the right to sell; and infringement by selling and infringement by use of the patented article are essentially different invasions of the patentee's property.

The complainant's case consequently rests on the effect of the two remaining agreements introduced by him for the purpose of showing his established license fee for the right to sell under his patent. These are the agreements with the Bishop Gutta-percha Works and the Laflin & Rand Powder Company. The agreement with the Bishop Gutta-percha Works grants the exclusive right to manufacture and sell the patented article to that company, and contains a covenant not to sue purchasers from that company buying for certain specified uses of the invention; and in consideration therefor the company is to pay a royalty of 5 per centum of the gross price received from sales. This agreement was subsequently modified by adding a covenant not to sue purchasers from the company for certain other specified uses of the invention, and by increasing the royalty on the sales to purchasers for such uses to 10 per cent. of the gross price received by the company. The agreement with the Laflin & Rand Powder Company is a grant of the privilege to manufacture and sell the invention to purchasers, for specified uses, with a covenant not to sue such purchasers, and the company agrees to pay a royalty of 10 per centum of the gross price of manufacture to the complainant, and an equal royalty to the Bishop Giant-powder Works, which company is a party to the agreement.

Royalty paid for the whole monopoly of selling and manufacturing under a patent is not sufficient evidence of the value of the right to make occasional sales in a particular territory. *La Baw* v. *Hawkins*, 2 Ban. & A. 561. An exclusive licensee may well afford to pay a much larger consideration for the property right than the patentee could command from purchasers of license to compete with other sellers. But, aside from this consideration, which is alone sufficient to deprive the agreement with the Bishop Giant-powder Works of any weight as evidence of an established royalty, the agreement contains a covenant not to sue purchasers from the licensee. The agreement with the Laflin & Rand Powder Company contains a similar covenant upon the part of the complainants. Such a covenant operates, by way of estoppel, to license the purchaser to use the patented article.

Both of these agreements are therefore equivalent to a license to sell, and transfer to purchasers the right to use, the invention for the purposes specified. Royalty paid for such an interest in the property right is not the criterion of the value of an ordinary selling right. The right to sell might be of insignificant value without such a covenant as is contained in these agreements. Ordinarily it would only be a right to sell a lawsuit, or the limited privilege of selling to customers having a license to use the article. With such a covenant the value of the right is greatly enhanced, because the seller can transfer to the purchaser the privilege of using the invention.

There are other reasons why these two agreements fail to afford such evidence of a uniform established license fee as to entitle the complainant to the damages found by the master. It is not necessary for present purposes to suggest them.

The defendant's exceptions are sustained.