BRADLEY v. ECCLES et al.

(Circuit Court, N. D. New York. December 27, 1904.)

No. 7,062.

1. PATENTS—SUIT FOR INFRINGEMENT—JOINDER OF DEFENDANTS.

A bill against two defendants for infringement of a patent, which alleges that defendants, "conjointly contriving" to injure complainant by infringing his patent, have done certain acts of infringement, one by selling and making infringing articles at one city, and the other by using and vending infringing articles in another city, and that they have on hand at their respective places of business large quantities of the infringing article, which they are "conjointly, severally, and individually" advertising, selling, and offering for sale, is not demurrable on the ground that defendants are improperly joined, the acts charged, if done "conjointly" or by agreement, constituting a joint infringement.

Demurrer by defendant Eccles to bill of complaint in equity for injunction to restrain alleged infringement of letters patent for thill couplings.

See 120 Fed. 947; 122 Fed. 867, 871.

Howard P. Denison, for complainant.

Wm. A. Megrath (C. H. Duell, of counsel), for defendant Eccles.

RAY, District Judge. The validity of complainant's letters patent has been adjudicated by this court and the Circuit Court of Appeals, Second Circuit. The ground of demurrer is that Eccles and Saul are improperly joined as defendants; that joint infringement is not alleged.

In this action the main question is whether or not the acts complained of constitute an infringement. This question will not be gone into at this time. This court refused to punish the defendant Eccles for contempt in making the alleged infringing article, but put complainant to his action, because there is doubt whether the making and selling of the article in question constitutes an infringement. The seventh subdivision of the bill of complaint reads as follows:

"Seventh. And your orator further shows unto your honors that the defendants, Richard Eccles and Charles F. Saul, well knowing the premises and the rights secured to your orator as aforesaid, but jointly, separately, and severally contriving to injure and deprive him of the benefits and advantages which might and otherwise would have accrued unto him after the issue of said letters patent No. 609,928, and prior to the filing of this bill, the said Richard Eccles did, at the city of Auburn, N. Y., and within the Northern District of New York, manufacture and sell thill couplings without the license or allowance and against the will of your orator, and in violation of his rights, and in infringement of the aforesaid letters patent No. 609,928, unlawfully and wrongfully did manufacture, use, and sell, and is still using and vending in the Northern District of New York, and is unlawfully and wrongfully manufacturing, using, and vending since the date of the letters patent and prior to the commencement of this action, large numbers of thill couplings embodying the inventions and improvements and discoveries of said letters patent No. 609,928, whereby the said defendant has unlawfully realized large profits and your orator has unjustly suffered large losses and damages, all of which doings of the said defendant are contrary to good conscience and equity; and the said defendant Charles F. Saul did at the city of Syracuse, N. Y., and within the Northern District of New York, use and vend thill

couplings for vehicles, and placed the same upon vehicles manufactured, used, and sold by him, said thill couplings so used and sold by him being without the license or allowance and against the will of your orator, and in violation of his rights, and in infringement of the aforesaid letters patent No. 609,928, unlawfully and wrongfully did use and vend, and is still using and vending, in the Northern District of New York, and is unlawfully and wrongfully using and vending since the date of the said letters patent, large numbers of thill couplings embodying the inventions and improvements and discoveries of the said letters patent No. 609,928, whereby said defendant Charles F. Saul unlawfully realized large profits and your orator has unjustly suffered large losses and damages, all of which doings of the said defendant are contrary to good conscience and equity."

The ninth subdivision reads as follows:

"Ninth. And your orator further shows unto your honors on information and belief that the defendant Richard Eccles, in the\city of Auburn, N. Y., and the defendant Charles F. Saul, in the city of Syracuse, N. Y., now have on hand ready for sale at their respective places of business, all within the Northern District of New York, large numbers of thill couplings embodying the invention set forth in said letters patent sued upon, and are now conjointly, severally, and individually advertising, soliciting sales, and are offering and exposing for sale large numbers of thill couplings embodying the inventions, discoveries, and improvements of the said letters patent aforesaid, and which thill couplings and all necessary parts thereof the said defendants threaten to sell in the cities of Auburn, N. Y., and Syracuse, N. Y., and elsewhere in the Northern District of New York, and in violation of your orator's rights under said letters patent."

So far as the defendants are severally and individually making and selling or using thill couplings in infringement of complainant's patent or rights, it cannot be doubted that the defendants are improperly joined. Blake v. Greenwood Cemetery (C. C.) 16 Fed. 676; Colgate v. Western Elec. Co. (C. C.) 28 Fed. 147; Diamond Match Co. v. Ohio Match Co. (C. C.) 80 Fed. 117; Consolidated C. H. Co. v. American Elec. H. Co. (C. C.) 82 Fed. 993–998. Does the bill allege a joint making and selling, or a joint using, or a joint making and using, of the alleged infringing article or device by the defendants? The bill says that they have on hand at their respective places of business, to wit, said Eccles at Auburn, N. Y., and said Saul at Syracuse, N. Y., large numbers of the infringing thill couplings, "and are now conjointly, severally, and individually advertising, soliciting sales, and are offering and exposing for sale large numbers * * *, and which thill couplings and necessary parts thereof the said defendants threaten to sell in the cities of Auburn, N. Y., and Syracuse, N. Y., and elsewhere in the Northern District of New York," etc. The substance of the seventh subdivision is that Eccles and Saul, conjointly contriving to injure the complainant by infringing his patent, have done certain acts, viz., Eccles at Auburn, N. Y., has done certain acts, and Saul at Syracuse, N. Y., has done certain like acts, to wit, the using, selling, and vending of infringing thill couplings. The one defendant, it is alleged, resides and has his place of business at Auburn, N. Y., the other at Syracuse, N. Y. "Conjointly" means that the defendants are acting together, the one with the knowledge and consent and aid of the other, and pursuant to an agreement or understanding. If, pursuant to such an agreement, one makes and the other sells, the infringement is a joint infringement. If there is no such agreement, then, if one

makes and the other sells, the trespasses or wrongs are several and distinct; the defendants are not joint infringers, and they are not properly joined. It would seem that some action might be taken that would compel the complainant to disclose whether he relies on joint infringement pursuant to an agreement or understanding, or on independent acts committed by each in the absence of such an agreement or understanding.

The demurrer is overruled, with costs, but defendant may answer on payment of such costs.