## UNITED STATES v. HUGHES et al.

### (Circuit Court, S. D. New York. June 5, 1908.)

**1. PARTNERSHIP—ACTION AGAINST PARTNERS—CONTRACT—BREACH.**

Where a bill charged that a firm and its individual members wholly failed to perform a contract with complainant, to complainant's damage in a sum stated, it alleged a cause of action against the firm and the individuals composing it; their liability being joint and several.

**2. SAME—ACTIONS AGAINST DECEASED PARTNER.**

In case of breach of contract by a firm, the creditor may proceed directly against the administrator of a deceased partner, making the surviving partner a party, without suing the firm or surviving partner.

In Equity. Hearing on separate demurrers by defendants to bill of complaint.

Henry L. Stimpson, for the United States.

Kellogg & Rose, for defendant Bangs.

Thomas Hogan, for defendant Hughes.

RAY, District Judge. No judgment or decree is sought or demanded against the defendant Bangs. He is made a party defendant on the theory that he is a proper, if not a necessary, party, inasmuch as he has an interest in the controversy and in defending the action. July 31, 1899, James Hughes, Eugene Hughes, and Anson M. Bangs were copartners, doing business under the firm name of Hughes Bros. & Bangs. On that date this firm entered into a written contract with the United States, represented by Smith S. Leach, Corps of Engineers, U. S. Army, "to do certain dredging in Bridgeport harbor, Conn., in accordance with the terms of said contract and with certain specifications and proposal forming part thereof." On the same day, and simultaneously with the execution of the contract, said firm, under its firm name as principal, and the American Surety Company of New York, duly executed and delivered to the United States a bond conditional:

"The condition of this obligation is such that whereas, the above-bounden Hughes Bros. & Bangs have, on the 31st day of July, 1899, entered into a contract with the United States, represented by Maj. Smith S. Leach, Corps of Engineers, U. S. A., for dredging and stone work in Bridgeport harbor, Conn.: Now, therefore, if the above-bounden Hughes Bros. & Bangs' heirs, executors, or administrators, shall and will in all respects duly and fully observe and perform all and singular the covenants, conditions, and agreements in and by the said contract agreed and covenanted by said Hughes Bros. & Bangs to be observed and performed, according to the true intent and meaning of the said contract, and as well during any period of extension of said contract that may be granted on the part of the United States as during the original term of the same, and shall promptly make full payments to all persons supplying them with labor or materials in the prosecution of the work provided for in said contract, then the above obligation shall be void and of no effect; otherwise, to remain in full force and virtue."

This bond is attached to and made a part of the bill of complaint, but the agreement or contract is not. In fact, the United States has furnished a full bill of particulars of its demands, setting out various

provisions of the contract and its damages; but this is not printed in the demurrer book. The bill of complaint then alleges:

"Third. That neither said firm of Hughes Bros. & Bangs, nor any of the aforementioned partners thereof, performed the work agreed and covenanted by them to be performed in said contract, which also is referred to in the condition of said bond, but, on the contrary, wholly neglected and failed diligently and faithfully to prosecute and complete the said work, in accordance with the specifications and requirements of said contract.

"Fourth. That thereafter Maj. Harry Taylor, Corps of Engineers, United States Army, the successor legally appointed to said Maj. Smith S. Leach, did on behalf of the United States, and pursuant to the provisions of said contract, direct and forward a letter, dated May 10, 1906, to said Hughes Bros. & Bangs, a copy of which is hereto annexed, marked 'Exhibit B' and made a part hereof, which said letter was duly received by them."

The letter referred to reads as follows:

"You are hereby notified that under authority of the Chief Engineer the contract entered into by you under date of July 31, 1899. for dredging and delivering riprap stone in Bridgeport harbor, Conn., is this day annulled on account of your failure to prosecute faithfully and diligently the work in accordance with the specifications and requirements of the contract. In accordance with the terms of the contract, moneys heretofore retained on payments which have been made you are forfeited to the United States, and you and your bondsmen will be held responsible for any extra expense to which the United States may be put for finishing the work over and above the amount which it would have cost under your contract prices."

The bill of complaint then alleges that the United States did perform and has performed all of its obligations in the premises; that "by reason of the premises, and of said failure and neglect to perform the terms and conditions of said contract, which is also referred to in said condition of said bond, the plaintiff was damaged in the sum of $82,928.72." That demand of payment of said damages has been duly made, but that no part of same has been paid. The bill then charges that said Eugene Hughes died intestate December 19, 1902, leaving a large estate more than sufficient to pay all claims and demands against him; that James Hughes and Mary Hughes were duly appointed administrators of his estate and qualified as such; that thereafter, and December 13, 1906, said James Hughes died at Cleveland, Ohio, leaving a last will and testament, which was there duly proved, and that one Margaret K. Hughes was duly appointed executrix thereof; and that she and said estate are without the jurisdiction of this court. The prayer is that Mary Hughes, as administratrix of Eugene Hughes, may make discovery of his estate and be decreed to pay such damages; also that she and Bangs may be directed to appear and a full and true answer make to the premises and abide the order of the court. From the facts stated it appears that Bangs is the sole surviving partner of the firm, although nothing is said about it. It is not charged that the firm was insolvent, or has no visible assets, or that any proceedings have been taken against the surviving partner. It is claimed that no cause of action in equity is alleged; that there is an improper joinder of parties, etc.

The bill of complaint not only alleges that Hughes Bros. & Bangs agreed to do the work of dredging in Bridgeport harbor, Conn., but

that the firm was to do it diligently and faithfully in accordance with specifications and requirements. This last appears from the bond, which went with the main contract. The bill then charges that the firm and its individual members wholly failed to perform, to the damage of the United States in the sum stated. This states a cause of action clearly. It is settled that the liability of the firm and of the individuals composing it was joint and several. It is also settled in the courts of the United States that the creditor may proceed directly against the administrators of the deceased partner, making the surviving partner a party. Nelson v. Hill, 5 How. (U. S.) 127, 133, 12 L. Ed. 81; Lewis v. United States, 92 U. S. 622, 623, 23 L. Ed. 513; Story on Partnership (6th Ed.) pp. 578–580, § 362, and cases cited in notes. Says Story:

"Another important consideration in cases of a dissolution by death is as to the rights of the joint creditors against the estate of the deceased partner. We have seen that at law the sole right of action of the joint creditors is against the survivors; and the inquiry here naturally presented is whether they have any remedy in equity. The doctrine formerly held upon this subject seems to have been that the joint creditors had no claim whatsoever in equity against the estate of the deceased partner, except when the surviving partners were at the time, or subsequently became, insolvent or bankrupt. But that doctrine has been since overturned; and it is now held that in equity all partnership debts are to be deemed joint and several, and consequently the joint creditors have in all cases a right to proceed at law against the survivors, and an election also to proceed in equity against the estate of the deceased partner, whether the survivors be insolvent, or bankrupt, or not. The consequence is that the joint creditors need not now wait until the partnership affairs are wound up and a final adjustment thereof is made; but they may at once proceed as upon a joint and several contract in equity against the estate of the deceased partner, although in any such suit the surviving partners must be made parties, as persons interested in taking the account."

It would be presumptuous for me to overrule these authorities. But it is said that the bill of complaint shows that the United States has ended the contract sued on and declared the sum paid and earned, but withheld, if any, forfeited to the United States, and that this deprives it of the right to claim or recover anything further as damages. O'Brien v. United States (2d Circuit, Jan., 1908) 159 Fed. 671, is cited. Whether that case is decisive of this depends on all the terms, etc., of the contract. It is not before the court in its entirety. Those matters are to be pleaded in defense. O'Brien v. United States may or may not be decisive. All the facts will appear on the trial.

Demurrer overruled, with costs. Defendants may answer in 20 days after being served with copy of order to be entered pursuant hereto.