SWIFT v. INLAND NAV. CO. et al.

(District Court, W. D. Washington, N. D. March 8, 1916.)

No. 82–E.

1. PATENTS ☞290—INFRINGEMENT SUITS—JOINDER.

Though complainant claimed that more than one had made and sold an invention covered by his patent, it is improper to join them without averments that they were jointly acting and co-operating in the manufacture or sale.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 470–472; Dec. Dig. ☞290.]

2. EQUITY ☞117—PLEADING—DEFECTS—WAIVER.

Under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), providing that every defense in point of law or upon the face of the bill, whether for misjoinder or insufficiency of fact to constitute a valid cause of action, shall be by motion to dismiss or in the answer, and where the party desires to raise the issue it must be taken in limine by demurrer or motion to strike out, or it is waived, an objection to misjoinder cannot be taken as a matter of right save by motion or plea or answer, nor can it be insisted upon at trial, though it may be raised by the court on its own motion whenever it is deemed to be necessary or proper to assist in due administration of justice.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 246, 285–292; Dec. Dig. ☞117.]

In Equity. Suit by Edward A. Swift against the Inland Navigation Company, a corporation, and the Colman Dock Company, a corporation. On motion to dismiss as to Colman Dock Company, motion denied with leave to amend bill.

Tucker & Hyland, of Seattle, Wash., for complainant.
Bronson, Robinson & Jones, of Seattle, Wash., for defendant Colman Dock Co.

NETERER, District Judge. The bill of complaint states that the Inland Navigation Company is a Washington corporation, and that the Colman Dock Company is a Washington corporation, each having its principal place of business in Seattle, Wash.; that the plaintiff is the owner of certain letters patent, and then charges "that the said Inland Navigation Company, a corporation, and the Colman Dock

Company, a corporation, defendants herein * * * did * * * wrongfully make, sell, use and cause to be made, sold and used, and is now selling, making and using, or causing to be made, used, or sold * * * " in violation of plaintiff's rights as set forth in said letters patent, a certain useful appliance covered by said letters patent, and asks that "each of said defendants, Inland Navigation Company, a corporation, and Colman Dock Company, a corporation * * * and each of them * * * appear * * * and * * * answer to the premises and to stand and abide such order and decree as shall be made against them." The Colman Dock Company has moved to dismiss the bill of complaint against it, "upon the ground that the facts therein stated are insufficient to constitute a valid cause of action in equity against this defendant."

[1] There is no question as to misjoinder of parties raised. The only question presented is whether the bill states a cause of action. So far as the defendants are severally and individually making or selling the invention claimed to be covered by plaintiff's patent, they would be improperly joined. Blake v. Greenwood Cemetery (C. C.) 16 Fed. 676; Colgate v. Western Electric Mfg. Co. (C. C.) 28 Fed. 147; Diamond Match Co. v. Ohio Match Co. (C. C.) 80 Fed. 117; Bradley v. Eccles (C. C.) 133 Fed. 308. The bill unquestionably states a cause of action against the Colman Dock Company. It also states a cause of action against the Inland Navigation Company. They are not, however, directly charged with jointly acting or co-operating with relation to the making and vending. Parramore v. Joseph (C. C.) 109 Fed. 332; Bradley v. Eccles (C. C.) 133 Fed. 309. There is no community of interest alleged and the singular verb is employed when reference is made to defendants, showing not joint conduct, but rather individual conduct.

[2] Equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) provides that every defense in point of law upon the face of the bill, whether for misjoinder or insufficiency of fact to constitute a valid cause of action in equity, shall be by motion to dismiss, or in the answer, and where the party desires to raise the issue "it must be taken in limine by demurrer or motion to strike out or it is waived." Simkins, Federal Suit in Equity (2d Ed.) 296. The objection to misjoinder cannot be taken as a matter of right, except by motion, or plea, or answer, nor can it be insisted upon at the trial, but may be taken by "the court sua sponte wherever it is deemed by the court to be necessary or proper to assist in the due administration of justice." Oliver v. Piatt, 3 How. 412, 11 L. Ed. 622; 15 Curtis, 497. To the same effect is Nelson v. Hill, 5 How. 133, 12 L. Ed. 81; 16 Curtis, 334. In Barney v. Latham, 103 U. S. 205, at page 215, 26 L. Ed. 514, the court said:

"In Oliver v. Piatt, 3 How. 333, 411 [11 L. Ed. 622], we said, 'It was well observed by Lord Cottenham, in Campbell v. Mackay, 1 Myl. & Cr. 603, and the same doctrine was affirmed in this court in Gaines and Wife v. Relf and Chew, 2 How. 619, 642 [11 L. Ed. 402], that it is impracticable to lay down any rule as to what constitutes multifariousness as an abstract proposition; that each case must depend upon its own circumstances, and much must necessarily be left, where the authorities leave it, to the sound discretion of the court.' We further said that the objection of multifariousness cannot, 'as a matter of

right, be taken by the parties, except by demurrer, or plea, or answer, and if not so taken, it is deemed to be waived'; that although the court may take the objection, it will not do so unless it deems such course necessary or proper to assist in the due administration of justice. Story, Eq. Pl., §§ 530, 540; Shields v. Thomas, 18 How. 253 [15 L. Ed. 368]; Fitch v. Creighton, 24 How. 159 [16 L. Ed. 596]. No objection was taken by the defendants in the court below to the complaint upon the ground of multifariousness or misjoinder, and the plaintiffs should not be heard to make it for the purpose, or with the effect, of defeating the right of removal."

"Multifariousness as to subjects or parties, within the jurisdiction of a court of equity, cannot be taken advantage of by a defendant, except by demurrer, plea, or answer to the bill, although the court in its discretion may take the objection at the hearing, or on appeal, and order the bill to be amended or dismissed. Oliver v. Piatt, 3 How. 333, 412 [11 L. Ed. 622]; Nelson v. Hill, 5 How. 127, 132 [12 L. Ed. 81]." Hefner v. Northwestern Life Ins. Co., 123 U. S. 737, at page 751, 8 Sup. Ct. 337, 31 L. Ed. 309.

"The principle of multifariousness is one very largely of convenience, and is more often applied where two parties are attempted to be brought together by a bill in chancery who have no common interest in the litigation, whereby one party is compelled to join in the expense and trouble of a suit in which he and his codefendant have no common interest, or in which one party is joined as complainant with another party with whom in like manner he either has no interest at all, or no such interest as requires the defendant to litigate it in the same action. Oliver v. Piatt, 3 How. 333 [11 L. Ed. 622]; Walker v. Powers, 104 U. S. 245 [26 L. Ed. 729]." United States v. Bell Telephone Co., 128 U. S. 315, 352, 9 Sup. Ct. 90, 32 L. Ed. 450.

The motion must be denied, but I think the bill should be amended, and an order to that effect may be presented.