**SIEMENS AKTIENGESELLSCHAFT,**
**Plaintiff,**

v.

**SONOTONE CORPORATION et al.,**
**Defendants.**

**No. 73 C 296.**

United States District Court,
N. D. Illinois, E. D.

July 18, 1973.

Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for plaintiff.

Sheldon W. Witcoff, Molinare, Allegretti, Newitt & Witcoff, Chicago, Ill., for defendant Beltone.

John W. Kozak, Wolfe, Hubbard, Leydig, Voit & Osann, Chicago, Ill., for defendants Sonotone Corp. and Sonotone Corp. of Chicago.

## MEMORANDUM OPINION

DECKER, District Judge.

This is a patent infringement action by Siemens Aktiengesellschaft (Siemens) against Sonotone Corporation (Sonotone) and Beltone Electronics Corporation (Beltone), manufacturers of allegedly infringing hearing aid devices, and Sonotone Corporation of Chicago (Sonotone Chicago), a distributor of hearing aids. Defendants Sonotone and Sonotone Chicago have moved for severance of the complaint against them and, pursuant to 28 U.S.C. § 1404(a), an order transferring the venue of this action as to those defendants to the United States District Court for the Southern District of New York.

By its terms, Section 1404(a) allows for transfer only to a district in which the action "might have been brought." Although Sonotone Chicago has joined in the motion for severance and transfer, the phrase in Section 1404(a) "where it might have been brought" cannot be interpreted to mean "where it may now be rebrought, with defendants' consent," Hoffman v. Blaski, 363 U.S. 335, 343, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254 (1960); transfer under this statute does not depend upon the "wish or waiver of the defendant." Hoffman v. Blaski, *supra*. The situation when the suit was instituted is the sole relevant factor. At that time, this action could not have been brought against Sonotone Chicago in the proposed transferee district because it has neither resided nor maintained a regular and established place of business in that jurisdiction.[1] This court, therefore, is without power to transfer the action as to Sonotone Chicago to New York.

This does not mean, however, that transfer as to the defendant Sonotone would be improper. Courts have authorized severance and transfer of claims as to less than all defendants in a multi-defendant suit upon a determination that the defendant as to whom venue is improper in the transferee district is only peripherally involved in the litigation. Wyndham Associates v. Bintliff, 398 F.2d 614 (2d Cir.), cert. denied, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); Mobile Oil Corp. v. W. R. Grace & Co., 334 F.Supp. 117 (S.D.Texas 1971); Burroughs Corp. v. Newark Electronics Corp., 317 F.Supp. 191 (N.D.Ill.1970); General Elec. Credit Corp. v. James Talcott, Inc., 271 F.Supp. 699 (S.D.N.Y.1966); Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Div., 204 F.Supp. 139 (W.D.S.Car.), appeal dismissed, 308 F.2d 895 (4th Cir. 1962). Although some courts apparently refuse to transfer in multiple defendant cases

unless all the defendants can be transferred, see, *e. g.*, Leyden v. Excello Corp., 188 F.Supp. 396, 397 (D.N.J. 1960); Anschell v. Sackheim, 145 F. Supp. 447 (D.N.J.1956), this court has previously adopted the former view. Burroughs Corp. v. Newark Electronics Corp., *supra*. Were the rule otherwise, "a plaintiff could preclude the court from considering whether transfer would serve the interest of justice by including a defendant, not subject to suit in the more convenient district, who was in some manner peripherally involved in the alleged wrongdoing." Wyndham Associates v. Bintliff, *supra*, 398 F.2d at 619, quoted in Burroughs Corp. v. Newark Electronics Corp., *supra*, 317 F. Supp. at 193.

The question thus arises whether defendant Sonotone Chicago is only secondarily involved in the subject matter of this suit. Sonotone Chicago, a proprietorship, is an independent retail distributor of hearing aids and was apparently included in this suit because it purchases and resells the allegedly infringing products of Sonotone. Sonotone Chicago does not manufacture hearing aids and has a servicing capability limited to minor repairs, such as cleaning dirty contacts and fixing bad connections; any problems which require rebuilding or replacement of Sonotone hearing aids are referred to New York. The distributor in no way participates in the manufacture of the allegedly infringing devices and could only be liable if Sonotone is found to be infringing plaintiff's patent. Moreover, Sonotone Chicago also markets hearing devices of other companies, including Siemens. Thus, as between Sonotone and Sonotone Chicago, the real party in interest is Sonotone. Burroughs Corp. v. Newark Electronics Corp., *supra*; Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Div., *supra*; Bar's Leaks Western v. Pollock, 148 F.Supp. 710 (N.D.Cal.1957).

1. Venue over patent infringement actions is prescribed in 28 U.S.C. § 1400(b), which provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

The remaining question is whether transfer would be "[for] the convenience of parties and witnesses, [and] the interest of justice." In considering these three factors, "[i]t is well established that a plaintiff's choice of forum 'should not lightly be set aside,' Dairy Industries Supply Association v. LaBuy, 207 F.2d 554, 558 (7th Cir. 1953), and that defendant must make a clear showing that the balance of convenience weighs in its favor, Butterick Company v. Will, 316 F.2d 111, 112 (7th Cir. 1963)." Burroughs Corp. v. Newark Electronics Corp., *supra*, 317 F.Supp. at 193. The affidavits and other papers in this suit demonstrate that transfer of the action as to Sonotone would be proper under Section 1404(a).

Sonotone is a New York corporation and has its only office and place of business in that state. It is a wholly-owned subsidiary of Gould, Inc., a Delaware corporation which has its executive and principal place of business in Chicago. There is some overlap between the officers and directors of Sonotone and Gould, to the extent that all of Sonotone's directors and principal officers are located in Chicago. In addition, the financial status of Sonotone is incorporated in a consolidated financial statement of Gould; Sonotone has no separate financial statement. Although the foregoing contacts of Sonotone might otherwise support retention of the suit in this court, they are considerably outweighed by more significant factors. All documents with respect to Sonotone's design, manufacture, distribution, and advertising of the products involved and apparatus used in connection with the manufacture of the devices are located in New York. At trial, Sonotone intends to rely upon testimony of officers and employees who work and reside in New York; the witnesses will also respond to any demands for discovery. To require these witnesses to travel to this district would take them away from their families and work for an extended period and would cause Sonotone considerable transportation and housing expense. The expert witnesses which Sonotone expects to call are also located in New York. The directors and officers who work or reside in Chicago are not expected to be called by this defendant at trial and have visited Sonotone in New York only occasionally or not at all, and have little or no knowledge of the facts and issues involved in this suit. Thus, all Sonotone documents and personnel with any significant relation to the present action are located in New York.

The defendant Beltone is an Illinois corporation with its principal place of business in Chicago. Beltone's presence in Chicago, however, adds nothing to plaintiff's claim that it should be allowed to litigate Sonotone's alleged infringement in this district. Beltone is completely independent and is a competitor of Sonotone; the allegedly infringing structures are independently designed and manufactured and in competition with each other. Sonotone is presently challenging a Beltone trademark application before the U.S. Patent Office. Further, Beltone has filed a counterclaim in this action alleging that the plaintiff has infringed one of its patents. Sonotone has no concern with that claim and will not be involved with the additional discovery and trial related thereto.

Plaintiff is a German corporation with its principal U.S. operation and only hearing aid division in Iselin, New Jersey, a bedroom community of New York City. Plaintiff's New Jersey office is approximately 30 miles from the New York court and 700 miles from this court. Thus, it would also be more convenient and less expensive for plaintiff to take its evidence and witnesses, be they from Germany or New Jersey, to New York. There is no indication that transfer to New York would not give the plaintiff a fair opportunity to pursue its claim.

The possibility that the case may get to trial earlier in this district than in New York is outweighed here by the ease of access to sources of proof in and

**974**

the proximity of witnesses to the latter jurisdiction.[2]

 An additional ground for severance and transfer is found in Rules 20 and 21 of the Federal Rules of Civil Procedure. Rule 20 allows for the joinder of persons in one action as defendants if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Prior to the adoption of this Rule, it was common for courts to dismiss patent infringement suits involving more than one defendant where they were charged only with several and individual infringements. See, e. g., Swift v. Inland Nav. Co., 234 F. 375 (W.D. Wash.1916); Fichtel v. Barthel, 173 F. 489 (S.D.N.Y.1909); Bradley v. Eccles, 133 F. 308 (N.D.N.Y.1904); Consolidated Car Heating Co. v. American Elec. Heating Corp., 82 F. 993 (D.Mass. 1897); Diamond Match Co. v. Ohio Match Co., 80 F. 117 (N.D.Ohio 1897). Rule 21 provides, however, that such misjoinder is not a ground for dismissal and allows for a claim against a party to be "severed and proceeded with separately." There is no allegation here that the acts of infringement arise out of the same transactions or occurrences or series thereof. The claims of infringement against unrelated defendants involving different acts should be tried against each defendant separately.

Thus, all the evidence of record shows that the balance of convenience to the witnesses and the parties, and the interests of justice are overwhelmingly in favor of transfer. The Federal Rules of Civil Procedure also support severance in this situation. An order will therefore be entered severing the infringement action against Sonotone and transferring the claim as to that defendant to the United States District Court for the Southern District of New York and staying all further proceedings against Sonotone Chicago until further order of this court.

2. Since the action here against Sonotone Chicago depends upon the outcome of the suit against Sonotone, the action against the former can be stayed pending the resolution of the primary action.