### AIRCRAFT MARINE PRODUCTS, Inc. v. BURNDY ENGINEERING CO.

Civ. Nos. 12515, 12516.

United States District Court
S. D. California, Central Division.
March 9, 1951.

Lyon & Lyon, Los Angeles, · Cal., for plaintiff.

Keatinge & Arnold, Los Angeles, Cal., for defendant.

BYRNE, District Judge.

These are actions for alleged patent infringement and are presently before the court on motion of the defendant to transfer the actions to the United States District Court for the Southern District of New York upon the grounds that such transfer will be for the convenience of parties and witnesses and will be in the interests of justice.

Venue of such actions is governed by Section 1400(b) of 28 U.S.C.A., which provides: "(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." '

The defendant in these actions is incorporated under the laws of the State of New York. Hence, the action could have been brought in New York, but venue properly lies in this district also since the defendant is alleged to have committed acts of infringement here, and apparently has a regular and established place of business in this district. Thus, the plaintiff had a choice of at least two forums in which to bring the actions. However, when the Judicial Code was revised in 1948, a new provision was enacted,—Section 1404(a), which provides: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Before the enactment of Section 1404(a) there was no provision for change of venue in the federal system, but there was another concept current which was known as the doctrine of "forum non conveniens", that is, that the forum chosen by the plaintiff was not convenient for the trial. This doctrine was not original with the federal courts or, for that matter, with American jurisprudence. It appears to have originated in the Scottish civil law and later it crept into English and American law. It was not until 1929 that the expression gained any currency in America, following the publication of Blair's "The Doctrine of Forum Non Conveniens in Anglo-American Law", 29 Columbia Law Review 1.

■ The essence of the doctrine is that even though a court has jurisdiction of the cause and of the parties and venue is proper, the court may, under certain circumstances, refuse to hear and determine the case. If the court considered it a proper case for the application of the doctrine, it would dismiss the action. Thus, the plaintiff in such a case would have to bring his action in a more appropriate forum. There was no transfer of the action as is now allowed under Section 1404 (a).

The decisions indicate that some courts consider the scope of Section 1404(a) to be the same as that of the doctrine of forum non conveniens, and that some consider its scope to be broader, but all courts would agree that its scope is not narrower.

■ We have examined the underlying philosophy of the doctrine to determine

what factors were considered by the court in applying it. In Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 842, 91 L.Ed. 1055, Mr. Justice Jackson stated:

"The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. These statutes are drawn with a necessary generality and usually give a plaintiff a choice of courts, so that he may be quite sure of some place in which to pursue his remedy. But the open door may admit those who seek not simply justice *but perhaps justice blended with some harassment. A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself.* (Emphasis added.)

\*     \*     \*     \*     \*     \*

"Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which plaintiff resorts, and experience has not shown a judicial tendency to renounce one's own jurisdiction so strong as to result in many abuses.

"If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. *But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."* (Emphasis added.)

These oft-quoted observations by the court are the best summary to be found. Some of the language in Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 833, 91 L.Ed. 1067, is also valuable. In fact, the language of Section 1404(a) is very similar to Mr. Justice Jackson's statement that "\*   \*   \* the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." In the Koster case the court carefully limited its holding to the particular type of case it had before it, namely, a stockholder's derivative action brought in a forum other than that where the corporation maintained its home or principal office. But the tone of the decision may furnish some guidance here. The court said on page 531 of 330 U.S., on page 835 of 67 S.Ct. "\*   \*   \* We hold only that a district court, in a derivative action may refuse to exercise its jurisdiction when a defendant shows much harassment and plaintiff's response not only discloses so little countervailing benefit to himself in the choice of forum as it does here, but indicates such disadvantage as to support the inference that the forum he chose would not ordinarily be thought a suitable one to decide the controversy."

Taking these cases as the proper guides in the application of the doctrine, it may be seen that numerous factors must be considered and weighed. And unless "the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed". Gulf Oil Corporation v. Gilbert, supra. With these principles in mind, we may proceed to examine the various affidavits in the case at bar.

The first consideration is the relative ease of access to sources of proof. Trial in California will be inconvenient for both parties. Plaintiff is a Pennsylvania corporation having its principal place of business in that state. Defendant is a New York corporation having its principal

592

place of business in that state. Thus, both sides will find it necessary to transport much of their documentary evidence and other proofs all the way from the east coast. Having such material away from the home office for any length of time might, in itself, cause much confusion and inconvenience to the parties.

The next consideration is the availability of compulsory process for attendance of unwilling witnesses. Plaintiff asserts that it will want the testimony of several persons now living in Southern California or employed in airplane factories here. If the case were transferred to New York, these witnesses might become unwilling and their attendance could not be compelled by compulsory process, and plaintiff rightly contends that obtaining their testimony by deposition would be a less satisfactory procedure. However, the defendant makes an able response to this argument. It is pointed out that the testimony of these witnesses would be usable only if the defendant sets up a particular defense. Defendant also calls attention to the fact that these witnesses would be called as experts and probably compensated for their time, which would make it unlikely that they would be unwilling witnesses. Defendant also states that there are a number of airplane manufacturing concerns in the East where such testimony is available, including Bell Aircraft, which is located in Buffalo, New York.

Plaintiff has utterly failed to show that there is any reason why such testimony is unavailable in the East. There is nothing but counsel's uncorroborated allegation made on information and belief that such testimony is available only in this district.

Defendant also points out that the issue on which this testimony is sought is purely a collateral issue which may never be reached, and that in any event, the testimony of the several witnesses probably would be cumulative. Thus, the plaintiff's showing on this point seems very weak. It fails to point to any real convenience for the parties or for the witnesses.

A third consideration is the cost of obtaining attendance of willing witnesses. The plaintiff makes much of the fact that the bulk of, if not all of, defendant's witnesses are officers or employees of defendant. Hence, it is argued that defendant will have no difficulty in obtaining their presence at the trial. Plaintiff says that it, too, is an eastern concern and is faced with the same situation, and since it is not complaining, why should the defendant. But this argument overlooks the fact that the availability of the witnesses is not the sole factor to be considered. The cost of obtaining their attendance is also a factor mentioned by the Supreme Court in Gulf Oil Corporation v. Gilbert, supra. In choosing this forum the plaintiff shows that the cost of bringing its witnesses from the East does not trouble it greatly. But this does not mean that it is a matter of small concern to the defendant.

It would appear that forcing the defendant to the cost of bringing all, or nearly all, of its witnesses all the way from New York would be to inflict upon it expense and trouble not necessary to the plaintiff's own right to pursue his remedy. In the Gulf Oil case, the court's observations about witnesses are of interest: " * * * The learned and experienced trial judge was not unaware that litigants generally manage to try their cases with fewer witnesses than they predict in such motions as this. But he was justified in concluding that this trial is likely to be long and to involve calling many witnesses, and that Lynchburg, some 400 miles from New York, is the source of all proofs for either side with possible exception of experts. Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants. Nor is it necessarily cured by the statement of plaintiff's counsel that he will see to getting many of the witnesses to the trial and that some of them 'would be delighted to come to New York to testify.' There may be circumstances where such a proposal should be given weight. In others the offer may not turn out to be as generous as defendant or court might suppose it to be. Such matters are for the

District Court to decide in exercise of a sound discretion."

Another factor to be considered is the possibility of a view of the premises, if a view would be appropriate. This consideration is urged by the defendant. But it seems to be without much merit. As plaintiff points out, there seems little likelihood that the premises would need to be inspected in this action.

The defendant also urges upon the court the consideration that other actions are pending between the parties in New York. Plaintiff points out that these actions involve different patents and that they had to be brought in New York and could not have been commenced in this district. But the defendant counters this by showing that one of the patents involved in those suits, although different, is related to the one involved here. If that be true, then it would seem that the convenience of the parties would be served by having related actions tried in the same tribunal. This would not require counsel to divide their attention between matters pending in both New York and California. The offices of principal counsel for both parties are located in New York and one of the plaintiff's counsel has already made the journey across the continent to appear in this court in connection with this motion.

The plaintiff puts much reliance on the fact that the non-jury trial calendar in New York is now two years in arrears. A letter to that effect from the Calendar Commissioner is attached to the brief. This is an important matter to consider. But this condition of the New York calendar may not be as vital as counsel would have the court believe. The defendant attaches to its brief a memorandum which points out that this case might well obtain a preference under the calendar rules of the Southern District of New York because the inventions involved may be important to the war effort. Defendant further points out that it has offered to have the case transferred to other appropriate districts on the east coast where venue would be proper and where calendar conditions are not overly crowded, but that plaintiff has not evidenced any interest in the offer. If this is true, then it may be that plaintiff is not truly interested in an early trial date.

In an affidavit of one of its counsel, plaintiff refers to the difference in procedure under the practice of the Southern District of New York and that of the Southern District of California, and asserts that to try the case in New York "would be likely to prejudice consideration of interlocutory questions". We believe this argument is without merit. While we agree with the assertion in the affidavit that the Court of Appeals in this Circuit "has shown understanding of the purpose and operation of the Constitutional proviso and statutes for promoting progress of science and the useful arts * * *", we believe that such understanding may also be attributed to the Court of Appeals, Second Circuit.

From the above, it appears that the defendant has made a showing of real inconvenience to itself in having the trial held in this district. The plaintiff has made no real showing of convenience in having the action tried here. It seems that the requirements for the application of the doctrine of forum non conveniens have been met. The balance of convenience is strong enough in defendant's favor that the plaintiff's choice of forum should be disturbed.

Having arrived at this conclusion, it is not strictly necessary to inquire whether Section 1404(a) is broader in scope than forum non conveniens. However, we are of the opinion that the section is of broader application than the doctrine. Neither the Supreme Court nor the Court of Appeals, Ninth Circuit, has ruled on the question, but many of the courts which have considered the matter have held that the section is applicable to more cases. It must be admitted that there are also many courts which take the opposite view. Yet it seems to us that logic favors the more liberal construction of the statute. Change of venue is certainly a far less drastic measure than is dismissal. Dismissal often resulted in leaving a plaintiff without a remedy be-

594

cause of the running of the statute of limitations. No such harsh result would flow from change of venue, at least where the statute of limitations is the same in both forums. In Jiffy Lubricator Co. v. Stewart-Warner Corporation, 4 Cir., 1949, 177 F.2d 360, 362, certiorari denied, 338 U.S. 947, 70 S.Ct. 484, the court said: "Counsel for plaintiff rely upon decisions permitting appeals from dismissals in application of the principle of forum non conveniens; but these decisions are not in point. A dismissal in application of that or any other principle puts an end to the action and hence is final and appealable. An order transferring it to another district does not end but preserves it as against the running of the statute of limitations and for all other purposes. *The notion that 28 U.S. C.A. § 1404(a) was a mere codification of existing law relating to forum non conveniens is erroneous.* It is perfectly clear that the purpose of this section of the Revised Judicial Code was to grant broadly the power of transfer for the convenience of parties and witnesses, in the interest of justice, *whether dismissal under the doctrine of forum non conveniens would have been appropriate or not.* (Citing cases.) As said by Judge Sibley in the case last cited (Amalgamated Association, etc., v. Southern Bus Lines, 5 Cir., 172 F.2d 946): 'Dismissal for inconvenience is not to be visited except when the choice of forum is a real hardship, or an imposition on the court. But here again we meet the revision of Title 28, for Section 1404 providing for a change of venue is: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." * * * Transfer is a less drastic matter than dismissal, for it involves no loss of time or pleading or costs; and no doubt a broader discretion may be exercised in ordering it.'" (Emphasis added.)

In accord with the above is Headrick v. Atchison, Topeka & Santa Fe Ry. Co., 10 Cir., 182 F.2d 305.

The preponderance of convenience in favor of the defendant justifies a change of venue. Such a change will not only be for the convenience of the parties and their witnesses, but also in the interests of justice.

The defendant's motions for orders transferring these actions to the United States District Court for the Southern District of New York are granted.

■ There is also pending before the court a motion by the plaintiff to add Earl S. Condon of Los Angeles, California, local sales representative of the defendant. In view of the order granting the motion to transfer, the motion to add the proposed local defendant is denied.

The defendant is requested to prepare and submit to the court orders in conformity with this memorandum.