**BENRUS WATCH COMPANY, Inc.,**

v.

**BULOVA WATCH COMPANY, Inc.**

Civ. No. 1690.

United States District Court,
D. Rhode Island.
Nov. 19, 1954.

Arthur J. Levy, Providence, R. I., for defendant.

DAY, District Judge.

This is a patent suit wherein the plaintiff alleges infringement of one of its patents relating to a waterproof watch case. Plaintiff and defendant are New York corporations. Defendant has a place of business in the District of Rhode Island where the watch cases which are the subject of this dispute are manufactured. Defendant has filed a motion under Title 28, U.S.Code, § 1404 (a) to transfer the action to the United States District Court for the Southern District of New York on the grounds that both parties are residents of that district, for the convenience of witnesses, and for other reasons set forth in its affidavits in support of its motion.

Section 1404(a) of Title 28, United States Code provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This section does not deal with venue which is technically wrong. It assumes the original venue to be proper, but nevertheless permits the court to change it to another district which is also proper and which is more convenient. Thus, under this section, forum non conveniens is a ground for change of venue, in the discretion of the court, where there is a more convenient district in which the action might have been brought.

It is conceded by all parties to this action that the venue in the instant case is technically properly laid either in this district or in the Southern District of New York. Hence the prerequisites for the exercise of this Court's discretion are fulfilled.

In venue contests, as is stated in Nicol v. Koscinski, 6 Cir., 188 F.2d 537, it is "the duty of the district judge to balance inconveniences and to determine upon which litigant the greater hardship would rest, if he granted change of

Edwin H. Hastings, Providence, R. I., for plaintiff.

**472**

venue, and that determination was subject to the rule that unless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed." See also Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055. Thus, on a motion to transfer the defendant has the burden of making out a strong case in favor of a transfer. Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, certiorari denied 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624.

 In weighing the relative inconvenience to the parties a number of factors must be considered by the Court. The first consideration is the relative ease of access to sources of proof. In the instant case, although the watch cases which the plaintiff claims to be an infringement of its patent are manufactured in one of the defendant's plants located in this State, it appears that the home offices of both plaintiff and defendant are located in New York City. The bulk of the records of both corporations, particularly such records as apply to patents, are kept at the home offices. Thus, both sides will find it necessary to transport much of their documentary evidence to this district. As was pointed out in Aircraft Marine Products v. Burndy Engineering Co., D.C.S.D.Cal.1951, 96 F.Supp. 588, having such material away from the home office for any length of time might, of itself, cause much confusion and inconvenience to the parties.

It appears that all parties to this action are citizens of and located in New York, that counsel for both parties are located in New York, that all witnesses reside in New York or vicinity, that the watch cases herein involved are, after manufacture in Rhode Island, routinely delivered to defendant's New York plant where the movements are inserted, that defendant's sales organization is located in New York, and that the prior use upon which the defense is based is claimed to have occurred in New York.

Plaintiff asserts that an injunction against manufacturing by the defendant could be more effectively supervised by the Rhode Island Court since the plant manufacturing the claimed infringing watch cases is located in Providence. Defendant corporation has factories in New York and other factories outside of New York in addition to its factory in Providence. It would seem, therefore, that a District Court sitting in New York could just as effectively police an injunction against manufacture as could the District Court of Rhode Island.

 It appears from the above that defendant has made a showing of real inconvenience to itself in having the trial held in this district. On the other hand, no real showing of convenience has been made by the plaintiff in support of having the trial here. The balance of convenience is strong enough in defendant's favor that plaintiff's choice of forum should be disturbed. See Aircraft Marine Products v. Burndy Engineering Co., supra. Also Gulf Oil Corp. v. Gilbert, supra.

The defendant's motion to transfer this action to the United States District Court for the Southern District of New York is granted.