**626**

James P. PIERCE and Rita Pierce, his wife, George R. Wilson, Jr., and Catherine C. Wilson, his wife, Aloysius Bege and Cecelia Bege, his wife, Lyle Frederick and Leon M. Frederick, Alfred Mueller, Sol Rodens and Oscar J. Thompson,

v.

CARVEL STORES OF NEW YORK, INC., Chain Locations of America, Inc., formerly known as Carvel Stores Realty Corp. and Carvel Dari-Freeze Stores, Inc., and Carvel Stores of Pennsylvania, Inc., a Pennsylvania corporation.

Civ. A. No. 25275.

United States District Court
E. D. Pennsylvania.

Dec. 7, 1959.

Martin J. Resnick, Bank & Minehart, Philadelphia, Pa., for plaintiffs.

Joseph Sharfsin, Philadelphia, Pa.; Herman L. Weisman, Amen, Weisman & Butler, New York City, of counsel, for defendants.

EGAN, District Judge.

Defendants move to transfer this action to the Southern District of New York under the provisions of Title 28, United States Code, Section 1404(a),

which permits such a transfer for the convenience of parties and witnesses and in the interest of justice.

This is the type of action for which this legislation was designed. It is a private anti-trust case for damages against inter-related corporations through which a complex and far flung business is conducted.

The defendant corporations have their main offices at the same address in Yonkers, New York. Almost all of the officers and employees of the defendants who would be expected as witnesses reside within the Southern District of New York. Defendants' corporate records, which will certainly be required as evidence in an anti-trust case, are located there.

While these considerations by themselves are not sufficient to meet the movants' burden, Davis v. American Viscose Corporation, D.C.W.D.Pa.1958, 159 F.Supp. 218, we are faced with the additional fact that three similar suits against these defendants involving substantially the same issues are pending in the District Court for the Southern District of New York. The inconvenience for the plaintiffs to have to try their case in New York is far outweighed by the inconvenience which would be imposed on the defendants if they had to try this case in this District and then try another (assuming consolidation) involving substantially the same issues of law and fact in the Southern District.

The interests of justice will best be served by trying all the actions at one trial in the Southern District of New York. See Winsor v. United Air Lines, D.C.E.D.N.Y.1957, 153 F.Supp. 244, and Aircraft Marine Products v. Burndy Engineering Co., D.C.S.D.Cal.1951, 96 F. Supp. 588.

The defendants' motion will be granted. No disposition will be made at this time of the other motions filed by defendants.