WYANDOTTE TRANSPORTATION COMPANY, a corporation, as owner of THE Steamer ALPENA, Libelant,

v.

GREAT LAKES TOWING COMPANY, a corporation, as owner of THE Tugs UTAH and MISSOURI, Respondent.

No. 60-C-131.

United States District Court
E. D. Wisconsin.

Feb. 24, 1961.

Hill, Lewis, Andrews, Adams, Goodrich & Power, Detroit, Mich., and McCreary, Hinslea, Ray & Robinson, Chicago, Ill., Charles S. Quarles, Milwaukee, Wis., for plaintiff-libelant.

Stover & Stover, Milwaukee, Wis., for defendant-respondent.

TEHAN, Chief Judge.

The libelant, Wyandotte Transportation Company, a Michigan corporation, commenced this suit on July 29, 1960, to recover for damages caused to its steamer, Alpena, on August 3, 1954, while that steamer was being towed by two tugs, the Utah and Missouri, owned and operated by the respondent, The Great

Lakes Towing Company, a New Jersey corporation. The libelant alleges that the damages were sustained when the steamer collided with a dock while being towed by the tugs from the harbor at Ashtabula, Ohio, to a dock on the Ashtabula River, and that the collision was caused by the negligence of the tugs and of their owner and operators. An answer to the libel was filed on September 9, 1960. That same day, the respondent filed a motion pursuant to § 1404(a) Title 28 U.S.C. for a transfer of this cause from this court to the United States District Court for the Northern District of Ohio, Eastern Division. Affidavits and briefs in support of and in opposition to the motion have been filed. The court has considered the pleadings, the motion for transfer, the affidavits and briefs and is prepared to render its decision.

In support of its motion, the respondent has submitted affidavits of its proctor and of its manager of claims and insurance. The proctor states that it is his intention upon trial to move the court to view the premises, and that a view will be helpful in understanding the maneuver of the vessels at the time of the collision and the obstacles and obstructions in the area. The claims manager states that the respondent's principal place of business is in Cleveland, that it maintains tug offices in Cleveland and Ashtabula, that at all times material the two tugs involved operated in Ashtabula (in the Northern District of Ohio), where their records for the season involved are kept and at other ports in the Northern District of Ohio, that neither of the tugs are in this district, that the masters and crews of the tugs at the time of the collision are necessary witnesses and of those seven witnesses, six reside in Ashtabula, and one in Chicago, that five work presently for the respondent in Ashtabula and one in South Chicago, that one other necessary witness for the respondent resides in Ashtabula, that the towage contract involved herein was

entered into in Ashtabula, that requiring the five witnesses presently working in Ashtabula to attend court in Milwaukee might delay harbor towing services in Ashtabula, that sending the above witnesses to Milwaukee would entail great expense, that compulsory process for those witnesses unwilling to travel here would not be available, that libelant's steamer's home port is in Detroit and it is often in Ashtabula, that, on information and belief, many if not all of the steamer's officers and crew are not from Milwaukee or this district, that respondent's witness on damages is from Port Huron, Michigan, closer to Cleveland than to Milwaukee, that, on information and belief, libelant's witnesses on damages are not from this district, and that the steamer was repaired in River Rouge, Michigan. He too avers that a view of the site will be necessary at the trial.

The libelant has submitted the affidavit of its proctor in opposition to the motion, stating that it is unlikely that a view of the scene of the collision would be had if the transfer sought were granted, since that scene is seventy miles from the court, that a trial in winter would not disrupt towing services in Ashtabula, since that port does not operate in winter, that the witnesses on the question of damages are accustomed to travel throughout the Great Lakes area and can come to Milwaukee as easily as to Cleveland, that one of the respondent's witnesses is a Chicago resident and that libelant's witnesses are Michigan residents, as readily available for trial here as in the Northern District of Ohio.

■ Under the provisions of § 1404 (a), Title 28, U.S.C.,[1] the tests to be applied in determining whether a motion for change of venue should be granted are (1) the convenience of parties, (2) the convenience of witnesses, and (3) the interest of justice. It is not here argued that this action could not properly

1. The parties have not here raised the question of the applicability of that section to actions in admiralty, and it appears that the weight of authority holds that it is so applicable.

have been brought in the Northern District of Ohio.

It is conceded that the principal places of business of the contending parties are not located in this district. It is also conceded that records relevant to this controversy are not kept by them in this district. The respondent's principal place of business is in Cleveland, and the records of the Utah and Missouri for the 1954 season are located in Ashtabula, seventy miles from Cleveland. Although the respondent does have a Milwaukee office, it does not appear that that office has any relationship to the matters here in controversy.

■ None of the witnesses reside in this district, respondent's being from Ashtabula, Chicago and Port Huron, and libelant's from Michigan. The libelant in its brief has argued that the principal witness for the respondent is from Chicago, which is closer to Milwaukee than to Cleveland, and that the testimony of the respondent's remaining witnesses could be obtained by deposition. This argument is without merit. It is for the respondent to decide whether its best interest requires the production of the witnesses, specified in its affidavit as "necessary", for oral testimony, or whether to put their testimony before the court on depositions, and the libelant should not be permitted to dictate which of the respondent's witnesses need not appear at the trial.

■ In deciding whether the interest of justice requires a transfer, the court is to consider (1) the relative ease of access to sources of proof, (2) availability of compulsory process for attendance of unwilling witnesses, (3) the cost of obtaining attendance of willing witnesses, (4) the possibility of a view of the premises, and (5) the state of the court calendars. Chicago, Rock Island and Pacific Railroad Company v. Igoe, 7 Cir., 1955, 220 F.2d 299. The parties have made no comparison of the court calendars. With respect to the remaining considerations, however, it is too obvious to merit discussion that the interest of justice requires a transfer of this case to the Northern District of Ohio.

■■ We are well aware of the fact that the libelant's choice of forum should not be lightly set aside. It is our conclusion, however, that the evidence is overwhelming that the convenience of parties and witnesses and the interest of justice require a transfer of this case to the United States District Court for the Northern District of Ohio, Eastern Division. The motion of the respondent is therefore granted.