**LEESONA CORPORATION, Plaintiff,**

v.

**COTWOOL MANUFACTURING CORP., JUDSON MILLS DIVISION, Deering Milliken Research Corp., and Whitin Machine Works, Defendants.**

Civ. A. No. 2729.

United States District Court
W. D. South Carolina,
Greenville Division.

April 19, 1962.

See also 201 F.Supp. 472.

Rainey, Fant & Horton, Greenville, S. C., Watson, Cole, Grindle & Watson, Washington, D. C., for plaintiff.

Price & Poag, Greenville, S. C., Brumbaugh, Free, Graves & Donohue, New York City, for defendants.

WYCHE, Chief Judge.

On September 13, 1960, I granted the motion of the plaintiff to amend its complaint against Cotwool Manufacturing Corp., Judson Mills Division, by adding Deering Milliken Research Corp. and Whitin Machine Works as parties-defendant. On September 14, 1960, evidently before counsel for the defendants Milliken Research Corp. and Whitin Machine Works received a copy of this Order, which was filed on September 15, 1960, wrote me and enclosed a Memorandum on the case of Moseley et al. v. United States Appliance Corporation, which was emphasized by Mr. Conrad in his argument before me on September 9th, and in my reply to J. D. Poag, Esq., one of the attorneys for the defendants Deering Milliken Research Corp. and Whitin Machine Works, dated September 17, 1960, acknowledging receipt of his Memorandum on the case of Moseley et

al. v. United States Appliance Corporation, I notified Mr. Poag as follows: "The Order I passed granting the motion of the plaintiff to amend its complaint by adding Deering Milliken Research Corporation and Whitin Machine Works as defendants in the action, will not prevent you from making any motion for these defendants, or otherwise pleading to the amended complaint." I sent a copy of this letter to J. Wright Horton, Esq., one of the attorneys for the plaintiff. I meant by this letter that my Order adding Deering Milliken Research Corporation and Whitin Machine Works as parties-defendant was without prejudice to any motions these defendants saw fit to make.

On January 26, 1962, I denied the motion of defendant Deering Milliken Research Corporation for dismissal for lack of jurisdiction and improper venue and denied the motion of defendant Whitin Machine Works for dismissal but reserved my decision on the alternative motion of Whitin Machine Works for severance and transfer to the District of Massachusetts on the grounds of improper venue and *forum non conveniens*, which alternative motion of Whitin Machine Works is now before me.

With respect to the motion for severance and transfer the following facts supplemental to those stated in my prior decision are relevant.

Prior to plaintiff's motion to amend and add Whitin as a party-defendant here, Whitin had brought an action in the District Court for the District of Massachusetts against plaintiff for a declaratory judgment of invalidity and non-infringement of the three patents here involved, putting in issue the identical questions raised in this action.

Both defendant Whitin and plaintiff are residents of Massachusetts and have their principal places of business within fifty miles of the Massachusetts District Court House. All informed witnesses as well as all records of Whitin and plaintiff are located in that District. Should inspection of an "FT" machine become necessary, Whitin operates for demonstration purposes in Whitinsville, Massachusetts, a full scale "FT" machine identical to the accused machines operated by defendant Cotwool Manufacturing Corp. and Whitin's other customers.

Since the primary parties in this controversy are plaintiff as patentee, and defendant Whitin as exclusive distributor of the accused machine, and since defendant Cotwool is only one of Whitin's customers using the accused machines, the controversy between plaintiff and Whitin was first initiated in the District Court of Massachusetts, Massachusetts is the proper and convenient forum for the trial of this controversy. It is there that "the relief sought can be 'more expeditiously and effectively afforded * * *'". Kerotest Mfg. Co. v. C–O Two Fire Equipment Co. (C.A. 3) 189 F.2d 31, 35 (1950) (affirmed, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200).

The statutory provision for change of venue, 28 U.S.C.A. § 1404(a), is as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

[2] Under this section transfer of an action to another district is in the sound discretion of the court and that discretion has been exercised frequently in patent infringement cases of the type here involved. Clayton v. Swift & Company (W.D.N.C.) 137 F.Supp. 219 (1956); Benrus Watch Company v. Bulova Watch Company (D.R.I.), 126 F. Supp. 470 (1954); Aircraft Marine Products v. Burndy Engineering Co. (S.D. Cal.), 96 F.Supp. 588 (1951); Chas. Pfizer & Co. v. Olin Mathieson Chemical Corp. (N.D.Ga.), 131 F.Supp. 21 (1955). Judge Warlick's statement in the Swift case, supra, is particularly applicable to the facts in this case: "I am therefore of the opinion that to try this case in Charlotte would convenience no one. The witnesses for each side would have to come there. Records would likewise have to be brought along. Each one con-

cerned would travel hundreds of miles and inconvenience after inconvenience would naturally come about. Charlotte, though a grand city, has nothing in common with this trial. Hence I conclude that a more convenient trial of the issues can be had and all parties and witnesses more nearly convenienced and the interest of justice better served, by transferring the cause to the United States District Court for the Northern District of Illinois, Eastern Division. This I consequently do. It is so ordered."

Plaintiff relies upon the decision in Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). This decision is consistent with the relief sought by this motion. There the Supreme Court held that an action for patent infringement may not be transferred to a district where the venue would be improper under 28 U.S.C.A. § 1400(b). In the present case plaintiff could have brought the action against Whitin in Massachusetts where Whitin resides. Inasmuch as defendants Deering Milliken Research Corporation and Cotwool Manufacturing Corporation are not seeking transfer, the propriety of a patent infringement suit against them in Massachusetts is irrelevant.

■ The last sentence in Rule 21, Rules of Civil Procedure, 28 U.S.C.A., is as follows: "Any claim against a party may be severed and proceeded with separately." There are occasions when the last sentence of Rule 21 may properly be used to sever a claim that has been properly joined. "Even where the venue is proper as to all of the joined claims, and the forum is a convenient one for some, but not all, of the claims, the court might properly sever and transfer certain of the claims to a proper and more convenient forum." Moore's Federal Practice, Vol. 3, pp. 2910, 2911.

The motion of the defendant Whitin Machine Works for severance and transfer is therefore granted, and

IT IS, THEREFORE, ORDERED, That the action against the defendant Whitin Machine Works be and the same is hereby transferred to the District of Massachusetts for trial.

Inasmuch as the action against Cotwool Manufacturing Corporation is a customer action of the type condemned in International Nickel Co. v. Martin J. Barry, Inc., (CA4) 204 F.2d 583 (1953), and Telephonics Corp. and Fabrionics Corp. v. Lindley & Co., (CA2) 291 F.2d 445 (1961), and the action against Deering Milliken Research Corporation depends for its existence on the accused acts of Cotwool, the remaining action against defendants Cotwool Manufacturing Corporation and Deering Milliken Research Corporation is stayed pending entry of final judgment in the District Court of Massachusetts, and

IT IS SO ORDERED.