308 F.2d 895
 135 U.S.P.Q. 174
 LEESONA CORPORATION, Appelant,
v.
COTWOOL MANUFACTURING CORPORATION, JUDSON MILLS DIVISION,
Deering Milliken Research Corporation, and Whitin
Machine Works, Appellees.
 No. 8684.
 United States Court of Appeals Fourth Circuit.
 Argued June 14, 1962.
Decided Oct. 8, 1962.
 
 Frederic P. Houston, Otterbourg, Steindler, Houston & Rosen, New York City, for appellee Deering Milliken Research Corporation.
 Rebert F. Conrad, Watson, Cole, Grindle & Watson, Washington, D.C., J. Wright Horton, Rainey, Fant & Horton, Greenville, S.C., Kester Walton, and Van Winkle, Walton, Buck & Wall, Asheville, N.C., for appellant.
 James D. Poag, Price & Poag, Greenville, S.C., Granville M. Brumbaugh, and Brumbaugh, Free, Graves & Donohue, New York City, for other appellees.
 Before HAYNSWORTH, BOREMAN and BRYAN, Dircuit Judges.
 HAYNSWORTH, Circuit Judge.
 
 
 1
 The plaintiff in this suit for patent infringement seeks reversal of an order severing the action as to the defendant, Whitin, transferring that action to the District of Massachusetts and staying further proceedings in the Western District of South Carolinal during the pendency of the litigation in Massachusetts. The defendant, Whitin, has moved to dismiss the appeal. The motion to dismiss has been resisted on the grounds, (1) the severance and transfer can be reviewed in connection with an appeal now in this court from a subsequent appealable order, and (2) the appeal should be treated as an application for a writ of mandamus which should be granted because of abuse of discretion.
 
 
 2
 The motion to dismiss the appeal will be granted.
 
 
 3
 The plaintiff, Leesona, is the owner of United States Patent No. 2,803,105 on an Apparatus for Processing Yarn, United States Paten No. 2,803,108 on Methods for Processing Yarn, and United States Patent No. 2,803,109 on a Method for Processing Thermoplastic Yarn. It originally inally filed this action against Cotwool, only, alleging infringement of the three patents by Cotwool in the Western District of South Carolina. Thereafter, the defendant, Whitin, instituted an action against the plaintiff, Leesona, in the District of Massachusetts. In that action Whitin sought a declaratory judgment that Leesona's patents were invalid and not infringed by the 'F T' machine or by its operation. It alleged that the 'F T' machine was of foreign manufacture, that Whitin was the selling agent for the 'F T' machine in the United States, and that Leesona was charging Whitin's customers with infringement and had filed an action against Whitin's customer, Cotwool.
 
 
 4
 Thereafter Leesona, in this South Carolina action, moved to make Whtin and the defendant, Deering Milliken Research Corporation, additional defendants, and this motion was granted. There followed Whitin's motion to sever and transfer to Massachusetts which was granted by an order filed on April 20, 1962, which also stayed further proceedings in the remaining action against Cotwool and Deering Milliken.
 
 
 5
 Still later, on April 25, 1962, an order was entered upon a motion of Deering Milliken enjoining the plaintiff, Leesona, from taking further steps in an arbitration proceeding it had instituted against Schwarzenbach Huber Company. Schwarzenbach Huber had been licensed by Leesona to practice the claimed inventions of the three patents. It had also acquired through Whitin some of the 'F T' machines which Leesona claims to infringe its patents, and Schwarzenbach Huber's use of the 'F T' machines was authorized by a license it held from Deering Milliken. In the arbitration proceeding, Leesona claims additional royalties under its license of Schwarzenbach Huber, based upon Schwarzenbach Huber's production upon its 'F T' machines. Leesona's prosecution of the arbitration proceeding was enjoined on the theory that it involved the same issue of patent infringement and its prosecution threatened irreparable injury to Deering Milliken and to Whitin, respectively Schwarzenbach Huber's licensor and vendor.
 
 
 6
 Leesona filed a timely notice of appeal from the injunctive order of April 25, 1962.
 
 
 7
 Originally, Leesona contended that, while the order of severance and transfer of April 20, 1962 is not, of itself, appealable,[1] it should be reviewed in connection with our review of the appealable injunctive order of April 25, 1962. In a post hearing memorandum, however, Leesona concedes the infirmity of this contention, for the order of severance and transfer as to Whitin does not underlie, and is unrelated to, the subsequent injunctive order against prosecution of the arbitration proceeding. Apeal from the subsequent appealable order will neither require nor permit our consideration of the earlier, but unrelated, unappealable order.
 
 
 8
 There remains the question which arises out of the request that we treat the appeal from the order of April 20, 1962 as a petition for a writ of mandamus to the District Judge.
 
 
 9
 If there appeared such an abuse of discretion on the part of the District Judge as to warrant mandamus, we could treat the purported appeal as an application for it, or, at least, we could grant leave to Leesona to file a proper application.[2] We do not find, however, any such abuse of discretion.
 
 
 10
 Leesona and Whitin are competitors. Each is a manufacturer and seller of textile machinery. Each is incorporated under the laws of Massachusetts. Whitin has its principal place of business in that state. Leesona's principal place of business is at Cranston, Rhode Island within fifth miles of Boston, and it has a place of business in Boston. Venue in Whitin's declaratory judgment action against Leesona was properly laid in the District of Massachusetts; it could not have been laid in the Western District of South Carolina, where Leesona has no place of business, though Whitin does have one. The records and the witnesses which Whitin and Leesona would be expected to produce are conveniently located if the action is to be tried in Massachusetts. Particularly, therefore, if Leesona's action against Cotwool be regarded as an action against Whitin's customer, the primary parties in interest being Leesona and Whitin, the action against Whitin was very properly severed and transferred to the District of Massachusetts under the doctrine of forum non conveniens.[3]
 
 
 11
 Leesona counters with a contention that Deering Milliken is a primary contestant in the controversy and that Cotwool, an affiliate of Deering Milliken, should be so regarded. This is based upon the fact that Deering Milliken has an exclusive license from the French manufacturer of the 'F T' machines to sublicense their use in the United States. There is no agreement between Whitin and Deering Milliken, but because of Deering Milliken's use license, Whitin may not sell the machines to a prospective purchaser unless the purchaser has been licensed by Deering Milliken to use them. Apparently, Deering Milliken reserves royalties to itself in the sublicenses it grants.
 
 
 12
 The fact that Deering Milliken is the use licensor would support a finding that it was substantially interested in the controversy and that Cotwool might have been more than an innocent purchaser of Whitin's accused machines. That fact, however, does not make impermissible the finding that the principal contestants are the manufacturer-vendors of competing machinery or the assumption that the burden of the defense and of the production of evidence rests upon Whitin rather than upon Deering Milliken and Cotwool. Though Deering Milliken may be the use licensor, Whitin is the actual importer of the machines. Those sold to Cotwool were shipped from France to Cotwool, but Whitin erected them in Cotwool's plant and Whitin, the vendor of the machines, maintains a stock of spare parts for sale to its customers.
 
 
 13
 Whitin's interest in the litigation is certainly substantial. We cannot say that the District Court's determination that its interest was primary was an abuse of the discretion vested in it.
 
 
 14
 Leesona seeks to bolster its position with a suggestion of doubt that its claim of infringement of the method patents can be determined in the litigation between it and Whitin. The method patent issues, it says, arise out of Cotwool's operation of the 'F T' machines. It is not alleged, however, that Cotwool employs any special or abnormal method in its operation of the 'F T' machines. From all that now appears, the method patent issues inhere in any normal use of those machines for their intended purpose.
 
 
 15
 In Whitin's declaratory judgment action in the District of Massachusetts, as in this severed action against Whitin for patent infringement, the issues of validity and infringement of the method patents are specifically raised. Nothing now appears that would support or justify the suggestion that Whitin might avoid those issues because of the absence of Cotwool as a formal party to the litigation in Massachusetts.
 
 
 16
 Finally, Leesona suggests embarrassment or harm as a result of the stay of further proceedings in the Western Distict of South Carolina, since the District Court for Massachusetts had entered an order staying proceedings in the declaratory judgment action until the entry of a final order in the Sourth Carolina litigation. When this severed infringement action against Whitin is transferred to Massachusetts, however, a new situation will be presented to the District Court there. There is no order staying proceedings in that action, and, in light of its transfer to Massachusetts, the District Court there well may be expected to lift its stay of proceedings in the declaratory judgment action and consolidate the two actions for trial. Leesona, of course, is entitled to a reasonably prompt trial in which all of the issues may be determined, but it does not now appear that such a trial may not be had in the District of Massachusetts.
 
 
 17
 We find no such abuse of the discretion lodged in the District Court in severing this action as to Whitin, transferring it to the District of Massachusetts and staying further proceedings in the action against Cotwool and Deering Milliken as would warrant our granting or entertaining an application for a writ of mandamus.
 
 
 18
 Appeal dismissed.
 
 
 
 [1]
 See Jiffy Lubricator Co., Inc. v. Stewart-Warner Corporation, 4 Cir., 177 F.2d 360; Clayton v. Warlick, 4 Cir., 232 F.2d 699
 
 
 [2]
 International Nickel Co., Inc. v. Martin J. Barry, Inc., 4 Cir., 204 F.2d 583
 
 
 [3]
 International Nickel Co., Inc. v. Martin J. Barry, Inc., 4 Cir., 204 F.2d 583; Telephonics Corp. and Fabrionics Corp. v. Lindley & Co., 2 Cir., 291 F.2d 445; Clayton v. Swift & Company, W.D.N.C., 137 F.Supp. 219; Benrus Watch Company v. Bulova Watch Company, D.R.I., 126 F.Supp. 470; Aircraft Marine Products v. Burndy Engineering Co., S.D.Cal., 96 F.Supp. 588; Chas. Pfizer & Co. v. Olin Mathieson Chemical Corp., N.D.Ga., 131 F.Supp. 21