**STEWART–WARNER CORPORATION, Plaintiff,**

**v.**

**WESTINGHOUSE ELECTRIC CORPORATION, Defendant,**

and

**Canadian Westinghouse Company Ltd., Intervenor-Defendant.**

**Civ. No. 9254.**

United States District Court
W. D. New York.

Oct. 25, 1965.

As Corrected Nov. 10, 1965.

See also 2 Cir., 325 F.2d 822; D.C., 249 F.Supp. 974.

Bean, Brooks, Buckley & Bean, Buffalo, N. Y., Augustus G. Douvas, Chicago, Ill. (Edwin T. Bean, Buffalo, N. Y., of counsel), for plaintiff.

Jaeckle, Fleischmann, Kelly, Swart & Augspurger, Buffalo, N. Y., Ralph H. Swingle, Pittsburgh, Pa. (Charles K. Rice, Buffalo, N. Y., of counsel), for defendants.

HENDERSON, District Judge.

Stewart-Warner Corporation commenced this action with the filing of a complaint charging Westinghouse Electric Corporation with infringement of McLennan Patent #2,489,305. Subsequently, Stewart-Warner amended its complaint to allege notice to Westinghouse and contributory infringement. Westinghouse answered denying the validity of the patent, infringement and contributory infringement and interposed several affirmative defenses.

Canadian Westinghouse intervened as a defendant and answered. Its answer contained a counterclaim seeking a declaratory judgment that the McLennan patent was invalid, unenforceable and not infringed, a counterclaim based upon allegations of unfair competition and a counterclaim charging infringement by Stewart-Warner of two patents originally issued to Cheverton and Brouwer and to Brouwer alone and subsequently assigned to Canadian Westinghouse.

On motion by Stewart-Warner this court dismissed the counterclaims of Canadian Westinghouse for infringement, its counterclaim for declaratory judgment insofar as it related to new allegations of unfair competition, its counterclaim for unfair competition and struck Canadian Westinghouse's affirmative defenses relating to new allegations of unfair competition. On appeal the Second Circuit Court of Appeals ruled that this court had erred and reversed.[1]

Since that time the case has become increasingly complex. The present motions—one to require a complete reply and one seeking transfer in the event one of three conditions are met—arise from Canadian Westinghouse's amendment of its answer on March 22, 1964. The amendment included a substitution of Reissue Patent #25,581 for Cheverton and Brouwer Patent #2,933,612. Insofar as it related to the reissue patent, Stewart-Warner moved to dismiss claiming that Frans Brouwer possessed an interest in the patent which made him an indispensable party. Believing that the patent claims involved under the reissue patent were identical to those appearing in the original patent, the court denied that motion by order dated February 16, 1965. In accordance with that understanding, Stewart-Warner limited its reply.

It now appears that Canadian Westinghouse also will rely upon added or changed claims appearing in the reissue patent. Accordingly, it moves for a complete reply and seeks transfer of a portion of the case to the Eastern Division of the District Court for the Northern District of Illinois in the event this court should (1) deny the motion to compel a complete reply as to Reissue Patent #25,581, (2) hold that Frans Brouwer is an indispensable party, or (3) hold that there is such doubt as to whether Frans Brouwer is an indispensable party as to best serve the interests of justice by ordering a transfer to a jurisdiction where he may be made a party.

Although such a transfer would be in line with its earlier view of this case, Stewart-Warner contends that such a

1. Stewart-Warner Corp. v. Westinghouse Electirc Corp., 325 F.2d 822 (2d Cir. 1963).

transfer would be at odds with the aforementioned decision and order of the Second Circuit Court of Appeals. The merit which the Circuit Court found in a trial of all the issues before this court obviously did not anticipate the absence or possible absence of an indispensable party under the amended pleadings. If it subsequently appeared that the interests of justice required trials in two forums, it can be assumed that the Circuit Court would insist upon a logical division of the cases.

The question as to whether Frans Brouwer is or is not an indispensable party appears to be one of first impression.[2] In the court's view, the issue of Frans Brouwer's status clearly is so substantial that the interests of justice would be served by severing and transferring the related portion of this case to a district where jurisdiction will be certain. See Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Div., 204 F.Supp. 139 (W.D. S.C.1962), appeal dismissed 308 F.2d 895 (4th Cir. 1962); Caldwell Mfg. Co. v. Unique Balance Co., 18 F.R.D. 258 (S.D. N.Y.1955). It would seem wiser, however, to leave final resolution of Frans Brouwer's status to the transferee court which will have the benefit of his views.

In choosing to order the transfer suggested by the defendants rather than the limitation of issues in Frans Brouwer's absence, the court believes it will promote the speedy resolution of all of the controversies among the parties with a net saving of judicial resources. The court also has considered the fact that the counterclaims of Canadian Westinghouse for unfair competition and for assignment of patents involve Frans Brouwer and E. L. McDonald, both of whom may be joined in the transferee district.

The motion to transfer is granted. The motion to compel a complete reply is denied without prejudice to the defendants' again applying for the same relief in the transferee court.

Submit order on two (2) days' notice

---

2. The basic facts involved in this question are outlined in the court's decision and order dated February 16, 1965.