**BURROUGHS CORPORATION,**
Plaintiff,

v.

**NEWARK ELECTRONICS CORPORA-TION and Raytheon Company,**
Defendants.

No. 69 C 2068.

United States District Court,
N. D. Illinois, E. D.

April 28, 1970.

**192**

Fidler, Bradley, Patnaude & Lazo, Chicago, Ill., for plaintiff.

Richard L. Voit, Wolfe, Hubbard, Leydig, Voit & Osann, Chicago, Ill., for defendants.

### MEMORANDUM OPINION

DECKER, District Judge.

Plaintiff Burroughs Corporation brings this suit for infringement of six

of its patents, naming as defendants Raytheon Company, a manufacturer of the allegedly infringing devices, and Newark Electronics Corporation, a customer of Raytheon and distributor of the charged devices. Presently before the court is a motion filed by Raytheon, pursuant to 28 U.S.C. § 1404(a),[1] to transfer the action as to it to the United States District Court for the District of Massachusetts.

■ The court is faced at the outset with the question whether it has the power to sever the action and transfer it as to only one of two defendants. Section 1404(a) in terms allows transfer only to a district or division where the action "might have been brought." And it is conceded by all parties that the action could not have been brought against Newark in the proposed transferee district, for it neither resides nor has a regular place of business in Massachusetts. 28 U.S.C. § 1400(b). This court therefore lacks power to transfer the action as to Newark to the Massachusetts District Court. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L. Ed.2d 1254 (1960).

■ Some courts have read Section 1404(a) to prohibit transfer as to any defendant in such cases. See, e.g., Anschell v. Sackheim, 145 F.Supp. 447, 456 (D.N.J.1956); Leyden v. Exello Corporation, 188 F.Supp. 396, 397 (D.N.J. 1960). However, other courts have authorized severance[2] of claims and transfer as to less than all defendants upon a finding that the defendant as to whom venue is not proper in the transferee district is only indirectly related to the main subject matter of the suit. Wyndham Associates v. Bintliff, 398 F.2d 614 (2d Cir.1968); Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Div., 308 F.2d 895 (4th Cir.1962). And this appears to be the better view, for were

---

1. 28 U.S.C. § 1404(a):
   "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. Federal Rule of Civil Procedure 21 provides in pertinent part: "Any claim against a party may be severed and proceeded with separately."

the rule otherwise "a plaintiff could preclude the court from considering whether transfer would serve the interest of justice by including a defendant, not subject to suit in the more convenient district, who was in some manner peripherally involved in the alleged wrongdoing." Wyndham Associates v. Bintliff, *supra*, 398 F.2d at 619.

The question thus arises whether defendant Newark is only "peripherally involved in the alleged wrongdoing." I believe that it is. Its presence in this case is due to its purchase and resale of tubes made by Raytheon. These tubes constitute 19 of the over 70,000 items sold by Newark and accounted for only slightly more than $1,000 in sales by Newark in the first eight months of 1969. It is apparent, therefore, that the primary parties in interest are plaintiff and Raytheon, the manufacturer of the charged devices, rather than plaintiff and Newark, a small distributor of the devices.

The court in *Leesona, supra,* was faced with a similar factual situation. That case was an infringement suit against a supplier of the allegedly infringing machines and its customer. The court approved transfer of the case as to the supplier upon a finding that its interest in the litigation was the most substantial of the two defendants. Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Div., 308 F.2d 895 at 898.

■ It remains to be determined whether the other conditions necessary to justify transfer have been satisfied by Raytheon. It is well established that a plaintiff's choice of forum "should not lightly be set aside, Dairy Industries Supply Association v. LaBuy, 207 F.2d 554, 558 (7th Cir.1953), and that defendant must make a clear showing that the balance of convenience weighs in its favor, Butterick Company v. Will, 316 F.2d 111, 112 (7th Cir.1963).

Section 1404(a) dictates that three factors, the convenience of parties and witnesses and the interest of justice, must be considered when transfer is sought. And see Chicago, Rock Island and Pacific Railroad Co. v. Igoe, 220 F. 2d 299 (7th Cir.1955), cert. den. 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955). The affidavits here submitted clearly disclose that the convenience of the parties would best be served by transfer to Massachusetts. Raytheon, a Delaware corporation, has its principal place of business in Massachusetts and sales offices in Illinois and other states. Substantially all of Raytheon's design and manufacture of numerical indicator tubes has taken place in Massachusetts, where it houses the relevant records and documents. None of this material is kept in the Northern District of Illinois.

■■ Plaintiff is a Michigan corporation with its principal place of business in Detroit. Defendant claims by affidavit, and it is not denied, that the design and manufacture of plaintiff's patented tubes takes place at its New Jersey plant, that relevant records are kept there, and that the patent applicants reside in or near New Jersey. Plaintiff's New Jersey plant is approximately 200 miles from the Massachusetts court and 700 miles from this court. The only apparent convenience to plaintiff arising from suit in this court is the fact that its counsel, and certain pertinent records and documents kept by him, are located in Chicago. Convenience of counsel is irrelevant, however, Sypert v. Bendix Aviation Corporation, 172 F.Supp. 480, 485 (N.D.Ill.1958), and it does not appear that transfer of these documents would be burdensome.

With regard to the convenience of witnesses, it appears that neither party intends to call any witnesses resident in the Northern District of Illinois. Plaintiff indicates that it may call a witness from Colorado and one from California. Defendant states that it intends to call at least six of its own technologists in Massachusetts as witnesses regarding the important factual issues of validity and infringement, and that other employees, as well as employees of plaintiff in New Jersey, may be called to testify. It is apparent that transfer would great-

194

ly alleviate the inconvenience and expense of trial attendance for defendant's witnesses, and would increase only slightly, if at all, the inconvenience faced by plaintiff's witnesses. This circumstance is entitled to great weight. See, *e.g.* General Electric Company v. Westinghouse Electric Corp., 294 F. Supp. 36 (D.Del.1968).

The evidence reveals that a trial can be had as quickly in Massachusetts as in this district. Moreover, the action against Newark can be stayed pending resolution of the primary action. Consequently, no interest of justice will be sacrificed by transfer; indeed, justice will be served by a substantial reduction in the costs and burdens of litigation.

In sum, all the evidence of record demonstrates that the balance of conveniences is overwhelmingly in favor of transfer. An order will therefore be entered severing this infringement action as to Raytheon Company and transferring the cause as to that defendant to the United States District Court for the District of Massachusetts.