Jewel Lee **GOLDSBERRY**, Plaintiff,

v.

**FORD MOTOR COMPANY** et al.,
**Defendants.**

No. 71–C–324.

United States District Court,
E. D. Wisconsin.

May 26, 1972.

Herman L. Wiernick, Milwaukee, Wis., for plaintiff.

Prosser, Wiedabach, Koppa, Lane & Quale by William P. Croke, Milwaukee, Wis., for Hartford and Johnson.

Merten, Connell & Sisolak by Walter L. Merten, Milwaukee, Wis., for Ford.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have brought a number of motions, including an application to transfer this case to the eastern district of Arkansas. Mr. Goldsberry's complaint is that while riding as a passenger, he was injured when Mr. Johnson's automobile suddenly left the road. The accident occurred in Arkansas, and the host, Mr. Johnson, is a Kansas resident.

In support of their motion to transfer, it is urged that "most of the witnesses whose testimony will be material and necessary . . . reside in Kansas City, Kansas." It is also noted that " . . . Wisconsin's only contact is plaintiff's residence."

In resisting the transfer, plaintiff's counsel argues as follows:

"First, under the conflicts of law argument previous in this Brief, Plaintiff shows that Arkansas law shall not apply, but rather Wisconsin should apply. Second, the expense of taking witnesses from Kansas, Michigan and Wisconsin to Arkansas would be just as great as from those states to Wisconsin. Third, the fact that the Plaintiff is a Wisconsin resident is proper for venue purposes and must therefore be an important factor for this Court to weigh in considering transfer. Fourth, the locus of the accident has little bearing on a Forum Non Conveniens transfer, Fifth, the witnesses may be beyond the service of process of the United States Dis-

trict Court of the Eastern District of Arkansas also, and, lastly, the citizenship of the proper parties herein involved mainifest the diversity of citizenship involved in this action."

28 U.S.C. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ In my opinion, it is apparent that the convenience of witnesses will be better accommodated by a trial in Arkansas. See Pierce v. Carvel Stores of New York, Inc., 178 F.Supp. 626, 627 (E.D.Pa.1959); United States v. American Linen Supply Co., 134 F.Supp. 21, 25 (E.D.Wis.1955); cf. Grey v. Continental Marketing Associates, Inc., 315 F.Supp. 826, 831 (N.D.Ga.1970).

Section 1404(a) also provides that transfer must be "in the interest of justice." In Wyandotte Transportation Co. v. Great Lakes Towing Co., 196 F.Supp. 494, 496 (E.D.Wis.1961), the court stated:

"In deciding whether the interest of justice requires a transfer, the court is to consider (1) the relative ease of access to sources of proof, (2) availability of compulsory process for attendance of unwilling witnesses, (3) the cost of obtaining attendance of willing witnesses, (4) the possibility of a view of the premises, and (5) the state of the court calendars. Chicago, Rock Island and Pacific Railroad Company v. Igoe, 7 Cir., 1955, 220 F. 2d 299."

■ The motion to transfer "lies within the broad discretion of the court." Amis Construction Co. v. Pressed Steel Tank Co., 279 F.Supp. 83, 86 (E.D.Wis.1968). I conclude that the defendants have adequately met their burden of showing that the transfer should be made. Huisman v. Geuder, Paeschke & Frey Co., 250 F.Supp. 631 (E.D.Wis.1966).

In view of the fact that the instant cause will be transferred to the eastern district of Arkansas, this court will not

rule on the other motions which have been filed by the defendants; it is more appropriate that such motions be considered by the transferee court. This technique frequently has been employed by other transferor courts. See, e. g., Hercules Co. v. S/S Aramis, 226 F.Supp. 599 (E.D.La.1964); United States v. Swift & Co., 158 F.Supp. 551, 560 (D.C. 1958).